AUGUST KNIPPENBERG, Respondent, *v.* LORD & TAYLOR, Appellant.

First Department, November 12, 1920.

Motor vehicles — negligence — joint tort feasors — action to recover amount of judgment paid by plaintiff in action brought against him for personal injuries — allegations that negligence of defendant in present action was responsible for conduct of plaintiff which caused injury — judgment in former action, how far conclusive — complaint not stating cause of action.

Action to recover the amount of a judgment recovered against the plaintiff and paid by him for personal injuries caused by an automobile driven by the present plaintiff, in which action the complaint against the present defendant was dismissed by the court at trial. The plaintiff seeks to recover under allegations to the effect that he struck the plaintiff in the former action by reason of the negligence of the present defendant's employee in driving a truck of the defendant so that the present plaintiff, in order to avoid a collision and being placed in a position of sudden danger, was compelled to turn his car upon the sidewalk whereby he struck and injured the plaintiff in the former action. The defendant moves for judgment on the pleadings upon the theory that the judgment recovered against the plaintiff based upon his negligence is conclusive, and that the complaint at most is by one joint tort feasor to recover over against the other.

*Held*, that the former judgment against the plaintiff, while conclusive proof that he was legally liable for the injuries to the plaintiff in that action so that he cannot be heard to litigate that question over again, the pleadings in the present action do not show whether there has been an adjudication as between this plaintiff and this defendant with respect to the defendant's liability over to the plaintiff.

APP. DIV.—VOL. CXCIII.    48

The fact that there has been a recovery against a party predicated on his negligence does not preclude a recovery by him against a third person who, as between them, was primarily liable for the injuries for which the recovery has been had.

Complaint examined, and *held*, that the facts as pleaded leave no room for a claim or inference that the plaintiff is entitled to recover over by virtue of any contractual obligation or primary duty on the part of the defendant or on the theory that the negligence on which the recovery was had was antecedent and remote or was not a proximate cause of the injuries to the plaintiff in the other action, and hence that the defendant's motion to dismiss the complaint should be granted with leave to the plaintiff to plead over on the payment of costs so as to plead definitely the nature of the negligence adjudicated against him in the former action.

APPEAL by the defendant, Lord & Taylor, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of May, 1920, denying defendant's motion for judgment dismissing the complaint on the pleadings, consisting of a complaint, answer and demurrer to a separate defense in said answer.

*James A. Gray* of counsel [*William Dike Reed*, attorney], for the appellant.

*Henry Ginnane*, for the respondent.

LAUGHLIN, J.:

This is an action to recover the amount paid by the plaintiff in satisfaction of a judgment recovered against him by one Christine Stock for personal injuries sustained by her on June 18, 1917, from being struck and run over, while on Main street at Dobbs Ferry, by the plaintiff's Ford car, and the disbursements incurred by the plaintiff in defending the action. It is alleged in the complaint that at the time in question the plaintiff was driving his car, which was a delivery automobile, northerly, on the right-hand side of Main street near Chestnut street, which intersects Main street at right angles, and that, as he was crossing the intersection of Chestnut street, a heavy Packard motor truck, owned by the defendant, which was being operated by a chauffeur in its employ, came, westerly, down a steep incline on Chestnut street at a very high and excessive rate of speed, and was

being negligently and carelessly driven on the wrong side of the highway in violation of the rules of the road, and headed directly for the plaintiff's car, by which the plaintiff was compelled to, and did, turn his car to the left in an endeavor to avoid a collision between his car and the defendant's truck, and was compelled to run his car a short distance on the sidewalk, whereby said Christine Stock was struck and injured solely by the negligence, carelessness and recklessness of the defendant's chauffeur, whereby the plaintiff was placed in such a position of danger that he was compelled so to turn his car, and thereby, inadvertently, and without negligence on his part, cause the injuries; that, thereafter, said Christine Stock brought an action against the plaintiff in the county of Westchester to recover for the damages thereby inflicted upon her; that the plaintiff interposed an answer and the issues were tried before the Supreme Court, and a verdict for $2,000 was rendered against him; that the plaintiff appealed from the judgment but it was affirmed, with costs, by the Appellate Division and thereafter he paid it; that the defendant had notice of the pendency of said action from the time it was commenced and it was its duty to assume the defense thereof and to protect and save the plaintiff harmless from any loss, cost or expense by reason of the action, but that it failed and refused so to do, and that by reason of the defendant's negligence as aforesaid, and for its failure to assume the defense of the action, the plaintiff has sustained damages in the sum of $3,000, for which amount he demanded judgment, together with interest thereon from the date of the payment of the judgment, together with the costs of this action. The defendant admitted, by failing to deny, that it had notice of the pendency of the action against the plaintiff, but its answer put in issue most of the other material allegations of the complaint. In the defense to which the demurrer was interposed the defendant alleges that the action by Christine Stock was brought against the plaintiff and the defendant herein and the Eleto Company to recover for personal injuries alleged to have been sustained by her through the carelessness and negligence of all of them; that on the trial of the issues in that action the complaint against the Eleto Company which appeared by the attorney who also represented this

defendant, was dismissed as against the Eleto Company by consent of all parties excepting the plaintiff herein, and that, at the close of the plaintiff's case, the complaint, as against this defendant, was dismissed by the court; that the issues between Christine Stock and the plaintiff, as the remaining defendant, were tried and a verdict rendered against the plaintiff herein upon which judgment was entered against him and dismissing the complaint as against the defendant herein; that the plaintiff herein appealed from the judgment and the defendant herein moved to dismiss the appeal in so far as it affected the dismissal of the complaint as against it, and thereafter by stipulation the appeal, in so far as it affected that part of the judgment dismissing the complaint as against this defendant, was withdrawn.

The theory on which the appellant claims that its motion for judgment on the pleadings should have been granted is that it appears by the facts alleged in the defense, which are admitted by the demurrer, that the recovery against the plaintiff for which he seeks reimbursement from the defendant was predicated upon his negligence, and that his allegations to the effect that he was free from negligence are of no avail since his negligence was conclusively adjudicated by the judgment for the payment of which he seeks reimbursement, and, therefore, that the complaint, at most, is by one joint tort feasor to recover over against another. We are not now concerned with the sufficiency of the allegations of the complaint with respect to vouching the defendant into the action brought against the plaintiff in order to render the judgment conclusive against the defendant with respect to the facts thereby adjudicated, for the complaint herein was framed on the theory that the defendant was duly vouched in to defend the action and that the judgment is, therefore, binding upon it with respect to all facts adjudicated thereby. It will be necessary for the plaintiff on the trial of this action to show that the defendant was duly vouched in to defend the other action and to introduce the judgment roll therein in evidence, and if it does not fully appear thereby what facts were adjudicated to offer parol evidence thereof. (*Fulton County G. & E. Co.* v. *Hudson R. T. Co.*, 200 N. Y. 287, 297.) It might appear that the judgment against the plaintiff is or is not

based on a finding of fact fatal to his right to recover over from the defendant. (*Fulton County G. & E. Co.* v. *Hudson R. T. Co., supra.*)   The judgment recovered against the plaintiff is, however, necessarily conclusive proof that he was legally liable for the injuries to Christine Stock and he cannot be heard to litigate that point over again in this action. (*Fulton County G. & E. Co.* v. *Hudson R. T. Co., supra.*)   On the facts disclosed by the complaint and the answer there has been no adjudication as between this plaintiff and this defendant with respect to the defendant's liability over to the plaintiff.   The fact that there has been a recovery against a party, predicated on his negligence, does not preclude a recovery by him against a third person who, as between them, was primarily liable for the injuries for which the recovery has been had (*Western Union Telegraph Co.* v. *Gest*, 183 App. Div. 548; affd., 228 N. Y. 606); and it was held in *Nashua Iron & Steel Co.* v. *Worcester & Nashua R. R. Co.* (62 N. H. 159) that in such case a recovery over may be had where the party against whom a judgment has been recovered for his own negligence can show that his negligence was antecedent and that through the subsequent negligence of the party against whom he seeks to recover over, he was unable to prevent the accident at the immediate time of its occurrence and it could have been prevented by the exercise of ordinary care on the part of the party against whom he seeks to recover over.   It is the rule in this jurisdiction that if the antecedent negligence of a plaintiff be not a proximate cause of the injuries sustained to his person or property or to a third person to whom he owed a duty which he failed to perform and notwithstanding such antecedent negligence on his part or failure to perform the duty, if the accident and injuries could have been avoided by the exercise of ordinary care by the defendant or where the accident and injury were caused by the active negligence of the defendant who as between him and the plaintiff was the wrongdoer, the remote antecedent negligence of the plaintiff in the one case and his negligence which was not *active* in the other, does not bar a recovery if the defendant's negligence was the direct and proximate cause of the injuries. (*Rider* v. *Syracuse R. T. R. Co.*, 171 N. Y. 139, and cases cited; *Scott* v. *Curtis*, 195 id. 424.)   There is, however, on the facts as pleaded by

the plaintiff, no room for a claim or inference that he is entitled to recover over by virtue of any contractual obligation or primary duty on the part of the defendant or on the theory that his negligence on which the recovery was had against him was antecedent and remote or was not active and, therefore, not a proximate cause of the injuries to Christine Stock, for he shows that he was in the exercise of due care until, through the defendant's negligence he was confronted with an emergency, whereupon he inadvertently caused the accident. The other facts alleged by the plaintiff tend to show but do not conclusively show that the theory on which that liability was predicated must have been that he was guilty of active negligence in the manner in which he operated his car to avoid the collision, and on that theory he could not have recovered over even if there had been a recovery against both the plaintiff and the defendant and the execution had been enforced against him only. I am of opinion, therefore, that the complaint fails to state facts sufficient to constitute a cause of action and the facts alleged in the defense do not supply the fatal omission. The defendant, therefore, was entitled to have its motion granted, regardless of whether or not the separate defense is good.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, dismissing the complaint, with costs, but with leave to the plaintiff on payment of the costs of the appeal and of the motion to amend by pleading definitely the nature of the negligence so conclusively adjudicated against him by the judgment for the payment of which he seeks to recover over of the defendant.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff on payment of said costs to serve amended complaint as stated in opinion.