New York & Queens Transit Corporation, Appellant, *v.* The Brooklyn Union Gas Company, Respondent.

Second Department, May 1, 1939.

*Wallace T. Stock,* for the appellant.

*Maximilian Moss* [*Dimitri G. S. Eristoff* with him on the brief], for the respondent.

Hagarty, J. On the 6th day of June, 1933, defendant was engaged in making openings in the street on Northern boulevard between Eighty-fourth and Eighty-fifth streets, in the borough of Queens, city of New York, pursuant to permits issued by the city of New York, for the purpose of repairing leaks in gas mains maintained and operated by it under the surface of the boulevard. John Sinski, an employee of the defendant, was injured during the course of his employment at that location by being struck by part of a barrier maintained by defendant to guard the excavations made by it in the street, which barrier had come in contact with a street car operated across the excavation by plaintiff. Although defendant had complied with the requirements of the Workmen's Compensation Law, Sinski chose to commence an action against the plaintiff transit corporation for the injuries he had sustained, on the ground

that the accident had been caused solely by reason of the negligence of the latter. Sinski alleged that the motorman of the transit corporation had caused its car to be propelled against the guard-rail without warning of his intention to proceed and had failed to await the signal of the flagman of the defendant. Sinski adduced proof in support of these allegations at the trial. On the other hand, the transit corporation adduced proof in support of its contention that the accident resulted from the negligence of the defendant's flagman in telling the motorman to proceed and in waving him " to come on." The court charged that before the jury could find for Sinski they must find negligence on the part of the motorman, and, further, " If you say no, it was not caused by the negligence of this motorman, but was caused by reason of the negligence of somebody else, or the fault of somebody else, or the act of somebody else, then, gentlemen, this plaintiff could not have any money here." The jury rendered a verdict in favor of Sinski in the sum of $30,000. The judgment predicated thereon had for its basis, therefore, the negligence of the motorman, which the jury found as a fact.

The foregoing is established by the respondent, without dispute, in support of its motion pursuant to rule 113 of the Rules of Civil Practice to dismiss the complaint in the present action by the transit corporation to have the defendant indemnify it for the sum paid by the former in satisfaction of the Sinski judgment in the amount of $25,000. Dismissal is sought on the ground, among others, " that the judgment recovered by said employee in an action against this plaintiff bars any action against this defendant."

In its action for indemnity appellant alleges that Sinski's injuries " were due wholly to the negligence of the defendant, its agents, servants and employees and were in no wise caused or contributed to by any negligence on the part of this plaintiff." In effect, appellant contends that the jury was wrong and that the issue between respondent and itself should be tried *de novo*. But the basis of its cause of action, if any, is the judgment against it which it satisfied by the payment of the sum it now seeks from respondent. If that judgment was erroneous respondent is in no wise responsible therefor. The fact remains that in the very judgment constituting the basis of plaintiff's alleged cause of action it is inherent that appellant was guilty of negligence independent of any which might be attributed to respondent. At best, from the standpoint of the appellant, the respondent may have been a joint tort feasor. The general rule, therefore, is applicable, namely, that one joint tort feasor may not recoup as against another. ( *Union Stock Yards Co.* v. *Chicago, etc., R. R. Co.*, 196 U. S. 217; *Trustees of Geneva* v. *Brush Electric*

*Co.*, 50 Hun, 581; 55 id. 603; 8 N. Y. Supp. 203; affd., 130 N. Y. 670.)

Authorities cited by appellant, and particularly *Westchester L. Co.* v. *Westchester C. S. E. Corp.* (278 N. Y. 175), are distinguishable. In general they are to the effect that recovery over may be had as against a wrongdoer who is primarily liable. Thus, in the *Westchester* case (*supra*) a gas leak resulted from a condition created by defendant, and plaintiff's negligence in failing to discover the condition so created was simply incidental thereto. On the contrary, in the case at bar, it is conclusively shown that the appellant was cast in damages because of the negligence of its motorman, separate and apart from any conceivable negligence which might have been attributed to the respondent. In brief, appellant ignores its own adjudicated liability in seeking to recover as against respondent.

The order and judgment should be affirmed, with ten dollars costs and disbursements.

Adel, J., concurs; Lazansky, P. J., concurs and is also of the opinion that if the judgment against plaintiff did not have the effect indicated, defendant's liability, if any, would be limited by defendant's liability to Sinski, which is measured by the Workmen's Compensation Law, under which defendant had made provision for Sinski. The award has not been fixed because of the pendency of the action of Sinski against plaintiff. Taylor, J., with whom Johnston, J., concurs, dissents and votes to reverse the order and judgment and to deny defendant's motion to dismiss the complaint, with opinion.

Taylor, J. (dissenting). This action is founded upon plaintiff's claim that the defendant is, by operation of law, an indemnitor of the plaintiff and liable to it for a sum of money paid by plaintiff to one Sinski, under compulsion, in settlement of a judgment recovered by Sinski against the plaintiff for damages for personal injuries sustained by Sinski by reason of plaintiff's alleged negligence. In the Sinski action the plaintiff herein was the sole party defendant. Plaintiff here seeks to recover also a sum of money for its reasonable expenses in defending that action. Here for review is the award by the Special Term of summary judgment in favor of the defendant, pursuant to rule 113 of the Rules of Civil Practice. The plaintiff in effect pleads and the defendant denies that the injuries sustained by Sinski, damages for which have been thus recovered by him against plaintiff and paid by the latter, were caused solely by the negligence of the defendant, and plaintiff further claims that it was guilty of no negligence causing, or contributing to, those

injuries. The record discloses that a triable issue of fact exists as between plaintiff and defendant in that respect.

The complaint states facts sufficient to. constitute a cause of action in favor of the plaintiff against the defendant, as plaintiff's indemnitor by implication of law, liable as such to plaintiff, upon the pleaded facts, for the amount of plaintiff's lawful damages. (*O. S. N. Co.* v. *Co. T. E.*, 134 N. Y. 461, 469; *Trustees of Geneva* v. *Brush Electric Co.*, 50 Hun, 581; 55 id. 603; 8 N. Y. Supp. 203; affd., 130 N. Y. 670; *City of Rochester* v. *Montgomery*, 9 Hun, 394, 396; affd., 72 N. Y. 65; *Phœnix Bridge Co.* v. *Creem*, 102 App. Div. 354; affd., 185 N. Y. 580; *Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214, 217; *Knippenberg* v. *Lord & Taylor*, 193 App. Div. 753, revg. 111 Misc. 427; *Lord & Taylor* v. *Yale & Towne Mfg. Co.*, 230 N. Y. 132, 136.) The circumstance that Sinski was an employee of defendant, which had secured to its employees compensation as provided in the Workmen's Compensation Law, is insufficient legally to render defendant, such indemnitor, immune from liability to plaintiff upon the cause of action alleged. The provisions of section 11 of that statute constitute no barrier to this action. (*Westchester L. Co.* v. *Westchester C. S. E. Corp.*, 278 N. Y. 175.) The judgment in the action of Sinski against the plaintiff herein is not *res judicata* in this action, nor is plaintiff, as between itself and the defendant herein, bound by the verdict in the Sinski action, implicit in which is a finding, in effect, that Sinski's injuries were caused solely by the negligence of the plaintiff herein, for the reason that the defendant was not a party to that action and is not in legal privity with either party thereto. (*O. S. N. Co.* v. *Co. T. E., supra; Pearce* v. *Kenney*, 152 App. Div. 638; *United States Fire Ins. Co.* v. *Adirondack P. & L. Corp.*, 206 id. 584, 587.) Plaintiff, as between itself and the defendant, therefore, may litigate herein the questions of fact arising upon the pleadings. (*Lord & Taylor* v. *Yale & Towne Mfg. Co., supra; Knippenberg* v. *Lord & Taylor*, 111 Misc. 427; revd., but not on this point, 193 App. Div. 753; *N. Y. Consolidated R. R. Co.* v. *Mass. B. & Ins. Co.*, Id. 438, and cases there cited.) Triable issues are presented by this record. They relate to the alleged negligence of the defendant to which the injuries of Sinski were, according to plaintiff's pleading, solely due, and to plaintiff's alleged freedom from any negligence on its part causing or contributing to those injuries.

The order and judgment appealed from should, therefore, be reversed and the defendant's motion to dismiss the complaint denied.

JOHNSTON, J., concurs.

Order and judgment affirmed, with ten dollars costs and disbursements.