STATE OF MISSOURI, at the Relation of DELMAR N. ALGIERE, Relator, v. HONORABLE HARRY F. RUSSELL, Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent, No. 41408—223 ·S. W. (2d) 481.

Court en Banc, October 10, 1949.

*William H. Tombrink* and *Strubinger, Tudor, Tombrink & Wion* for relator.

*Evans & Dixon* and *John F. Evans* for respondent.

HYDE, C. J.—Prohibition to prevent Circuit Judge from proceeding on a third party petition by Byers Transportation Com-

pany (hereinafter referred to as Byers) against relator (referred to as Algiere) as third party defendant. The question to be decided is whether a claim of indemnity, by a principal against an agent, is proper subject matter for a third party proceeding (under Sec. 847.20 Mo. R. S. A.) in a case in which a third party asserts a claim for damages against the principal based on the agent's negligence.

William Ball, as plaintiff, sued Byers (a common carrier of freight by motor vehicle) for personal injuries resulting from a collision of a tractor-trailer, owned by Algiere and operated by his driver, with a school bus driven by Ball. The tractor-trailer was hauling freight for Byers in accordance with Algiere's contract to operate under Byers' direction and under its permit and manifest. Byers filed a third party petition against Algiere alleging that if Ball was injured in the manner stated in his petition then his injuries were caused by the negligence of Algiere and that he would be liable to plaintiff for all of plaintiff's claim but that if Ball had a claim therefor against Byers then Algiere would be liable to Byers for all of plaintiff's claim. Algiere filed answers to plaintiff's petition and to the third party petition denying liability and stating that the collision was due to the negligence of Ball. Thereafter, Ball requested a separate trial against Byers which the Court ordered. A judgment against Byers resulted for $10,000.00 and Byers amended its third party petition to ask judgment against Algiere for this amount together with $2,597.65 for attorney fees and court costs. Algiere filed a motion to dismiss the third party petition, which was overruled; and Algiere then sought prohibition.

The petition for our writ stated that, at the trial against Byers, it waived a jury and that upon the evidence produced, "the court with the consent of defendant (Byers) * * *, entered its findings and judgment in the sum of $10,000.00 in favor of plaintiff, William Ball." The amended third party petition, attached as an exhibit, alleged that, at the trial, "Algiere, third party defendant, appeared by his attorney herein but refused to participate in said hearing and refused to defend said claim against Byers."

Relator's first point is that "permitting the alleged third party plaintiff (original defendant) to proceed against the alleged third party defendant (Algiere), under the circumstances present in said case, violates, and is beyond the scope of, the Civil Code of Missouri and beyond the jurisdiction of the Circuit Court." He relies on State ex rel. McClure v. Dinwiddie, 358 Mo. 15, 213 S. W. (2d) 127; but that case is not in point. His argument proceeds on the theory that he and Byers were joint tort feasors and that Byers is seeking to recover contribution from him as such. The McClure case was a joint tort feasor case and we held therein that the defendant could not compel the plaintiff to accept a third party defendant in such a case. It was pointed out that otherwise Sec. 847.20

Mo. R.· S. A., a procedural statute, would have to be construed as changing the substantive law in Sec. 3658, R. S. 1939, Mo. R. S. A.; and that this was clearly not the intent of the Legislature.

In this case, Algiere and Byers could not have been joint tort feasors. If the facts stated are true, as we must assume in considering this question of jurisdiction, then Algiere was the only tort feasor. Byers was liable not because of any act or omission of its own but because of the act of its agent, Algiere, who may have been an independent contractor, but for whose act Byers was nevertheless liable under the circumstances of this case. [Cotton v. Ship-By-Truck, 337 Mo. 270, 85 S. W. (2d) 80; 57 C. J. S. 365-368, Sec. 591; 35 Am. Jur. 980, Sec. 549.] Thus the liability of Byers to Ball was constructive or derivative in nature, arising from the negligence of Algiere, because of its contractual relations with him. Therefore, he · was properly brought into this case as a third party defendant. [See 1 Carr 194, Sec. 69 and cases cited under Indemnity, pp. 215-217; Greenleaf v. Huntingdon & Broad Top Mountain Railroad & Coal Co., 3 F. R. D. 24; Jones v. Waterman S. S. Corp., 155 Fed. (2d) 992; 5 Cyclopedia of Federal Procedure, 531-532, Sec. 1847.] As these authorities show, it makes no difference that Byers' third party petition against Algiere did not show a matured demand.

"Unless he has been authorized to act in the manner in which he acts, the agent who subjects his principal to liability because of a negligent or other wrongful act is himself subject to liability to the principal for the loss which results therefrom. This includes the payment of damages by the principal to the third person, or of a fine to the State in case of a crime. Thus, a servant who, while acting within the scope of employment, negligently injures a third person, although personally liable to such person, is also subject to liability to the principal if the principal is thereby required to pay damages." [American Law Institute Restatement of Agency, Sec. 401, comment c; See also London Guarantee Co. v. Strait Scale Co., 322 Mo. 502, 15 S. W. (2d) 766; Busch & Latta Paint Co. v. Woermann Construction Co., 310 Mo. 419, 276 S. W. 614; 27 Am. Jur. 467, Sec. 18; 35 Am. Jur. 962, Sec. 533; Annotations 38 A. L. R. 579, 140 A. L. R. 1306.] As shown by these authorities, if Byers had not brought in Algiere as a third party defendant, or if we had no such procedure, it could have asserted this same claim against him in an independent action for indemnity. The applicable principles are thus stated in the Restatement of Agency, Sec. 399, comment h: "If the principal notifies the agent to defend and the agent fails to defend, the principal is entitled to expenses thereafter incurred by him in a reasonable defense or compromise of the action. If, after the agent has received such notice, the principal is unsuccessful in the suit and, after a defense in good faith, is required to pay, the issues therein involved are res judicata between them. Whether or not, as between

804

the parties, the agent is responsible, and whether or not the principal has been reasonable in the expenses in such defense are the issues to be determined.''

Since the trial court in the exercise of its discretion under Sec's. 847.16 and 847.97, Mo. R. S. A. ordered a separate trial of Ball's claim against Byers for personal injuries, a subsequent trial of Byers' claim against Algiere for indemnity was necessarily required. The trial of this latter claim should now proceed. In this trial Algiere will have every right to make any defense he has, exactly the same as he could have done had he never been brought in as a third party defendant but had been sued in an independent action. Thus, there can be no question about due process, which is relator's second point, or about the jurisdiction of the circuit court.

Our preliminary rule in prohibition is discharged. All concur.