**STATE of Missouri at the Relationship of Sam SIEGEL, Relator,**

**v.**

**Honorable James E. McLAUGHLIN, Judge of the Circuit Court of the City of St. Louis, Division No. 1 thereof, Respondent.**

No. 30077.

St. Louis Court of Appeals.

Missouri.

July 8, 1958.

Motion for Rehearing or to Transfer to Supreme Court Denied and Opinion Modified Sept. 8, 1958.

500

—◆—

James J. Amelung, Holtkamp, Miller &
Risch, St. Louis, for relator.

Frank B. Green, St. Louis, Lloyd E.
Boas, St. Louis, of counsel, for respondent.

ANDERSON, Judge.

This is a proceeding in prohibition, the
object of which is to prevent the Honorable
James E. McLaughlin, Judge of the Circuit
Court of the City of St. Louis, from pro-
ceeding on cross-claims filed by the St.
Louis Public Service Company and H. J.
Hoffmann against Relator, Sam Siegel.
The three last above named are defendants
in a suit for damages for personal injuries
filed by Bertha Smith as plaintiff. In said
cross-claims the St. Louis Public Service
Company and H. J. Hoffmann seek indemni-
ty over and against Sam Siegel in the
event they are held liable to plaintiff. The
question presented in this proceeding is
whether, under the facts alleged, respond-
ent has jurisdiction to award indemnity
under said cross-claims.

It appears from the pleadings that plain-
tiff, Bertha Smith, at the time she received
her alleged injuries was a passenger on a
streetcar owned by the defendant Public
Service Company and operated at the time
by its employee, H. J. Hoffmann. Relator,

Sam Siegel, at said time was operating an automobile. Plaintiff's petition alleged said streetcar was caused to come into collision with Siegel's automobile, with the result that she was thrown about and seriously injured. As to defendant Public Service Company and defendant Hoffmann, the case was pleaded on the theory of res ipsa loquitur, the petition alleging:

"At the time of the aforesaid collision, the streetcar in which plaintiff was riding as a fare-paying passenger was solely and exclusively in the control of defendants, St. Louis Public Service Company and Henry J. Hoffmann, and that the cause or causes of said collision is solely and exclusively within the knowledge of said defendants, and the resulting injuries sustained by plaintiff were directly and proximately caused by the negligence of said defendants in the operation, maintenance, and control of the vehicle in which plaintiff was a passenger."

The charges of negligence against defendant Sam Siegel were:

"a. Said defendant operated his automobile at an excessive and dangerous rate of speed and at such a rate of speed as to endanger the life and limb of persons on or apt to be on the aforesaid public streets.

"b. Said defendant negligently and carelessly failed and omitted to yield the right-of-way to the vehicle in which plaintiff was a passenger.

"c. Said defendant saw or in the exercise of the highest degree of care could have seen plaintiff and the vehicle in which she was riding in a position of imminent peril of being collided with by the automobile being operated by said defendant in time thereafter to have avoided said collision with the means and appliances at hand by slackening the speed of his automobile, swerving or stopping the same, or by sounding a warning, but negligently and carelessly failed to do so.

"d. Said defendant negligently and carelessly made a sudden stop in front of said streetcar without any warning or signal."

The cross-claim of defendant St. Louis Public Service Company alleged that at the time in question the streetcar was proceeding properly when defendant Siegel negligently and without warning caused his automobile to turn sharply to its left onto the streetcar tracks and come to a sudden stop in the path of the streetcar, which said negligence was the cause of the collision and plaintiff's injuries. It was then alleged:

"6. That by reason of the existence of the carrier-passenger relationship between this defendant, St. Louis Public Service Company, and the plaintiff, plaintiff is entitled to, and by her pleadings is relying on general res ipsa loquitur negligence and plaintiff is therefore entitled to have the jury infer that this defendant, St. Louis Public Service Company, negligently caused the collision and her injuries despite the fact that as between this defendant and the defendant Sam Siegel, the collision was caused solely by the aforesaid negligence of Sam Siegel and defendants St. Louis Public Service Company and its operator were guilty of no negligence whatever.

"7. That defendant Sam Siegel knew and is chargeable with knowledge of the law permitting the jury to infer negligence on the part of a carrier defendant upon a showing of an injury to a passenger resulting from a collision, and therefore said defendant knew or by the exercise of the highest degree of care should have known that this defendant could and might be subjected to liability for damages for injuries to its passengers if said auto was caused and permitted to collide with this defendant's streetcar, and as the direct result of the aforesaid negligence of defendant Sam Siegel, this defendant has been exposed to a possible liability

for damages sustained by plaintiff as this defendant's passenger.

"8. That this defendant's liability, if any be found, is derivative or constructive and is based upon the existence of the carrier-passenger relationship, and is not based upon any direct, primary or active negligence, whereas, the defendant Sam Siegel's negligence, carelessness and recklessness was the direct, primary and active cause of the collision and the plaintiff's injuries, and by reason thereof, this defendant is entitled to be indemnified by said defendant Sam Siegel, for any and all liability or damages it is or may be exposed to."

The prayer of the cross-claim was:

" * * * and in the event that judgment is found in favor of plaintiff and against this cross-claimant defendant, then for judgment over and against the defendant Sam Siegel for the full amount of plaintiff's judgment * * *."

The cross-claim of defendant Hoffmann contained similar allegations to those set up in the cross-claim of St. Louis Public Service Company.

Thereafter, Sam Siegel filed his motions to dismiss the cross-claims of the defendants St. Louis Public Service Company and H. J. Hoffmann on the grounds that said cross-claims failed to state a cause of action. The trial court overruled said motions, except certain allegations pertaining to attorneys' fees and investigation expenses. Thereupon, defendant Sam Siegel instituted this proceeding.

■ The case is submitted here on a motion for judgment on the pleadings filed by relator. To determine whether a case for indemnity exists we look to the allegations of the cross-claims and plaintiff's petition. If from those allegations some possibility of liability over appears, the cross-claims should be allowed to stand. Otherwise, our

writ should be made permanent. Johnson v. Endicott-Johnson Corp., 278 App.Div. 626, 101 N.Y.S.2d 922; Traeger v. Farragut Gardens No. 1, Inc., 201 Misc. 18, 107 N.Y.S.2d 525; Pike v. Balmar Const. Co., Inc., Sup., 104 N.Y.S.2d 569.

■ The area in which a party held liable for negligence may secure indemnity from another party also negligent is closely circumscribed. It embraces a group of special situations and relationships where it has seemed reasonable and desirable to impose the ultimate responsibility on the person found to have played the active or primary role in the negligent situation in favor of one also held liable, but whose part in the event is passive or secondary. In such situations the parties are said not to be in pari delicto.

Thus, where a landlord is held liable by reason of the dangerous condition of his premises he may recover indemnity from the person who actually created the dangerous condition. Barb v. Farmers' Insurance Exchange, Mo.Sup., 281 S.W.2d 297. A city held liable by reason of the dangerous condition of a sidewalk may recover from an adjacent property owner whose negligence created the hazardous condition. City of Springfield v. Clement, 205 Mo.App. 114, 225 S.W. 120. A principal who without personal fault is held liable for the acts of his agent may recover indemnity from said agent. State ex rel. Algiere v. Russell, 359 Mo. 800, 223 S.W.2d 481. One admittedly liable for injuries to a servant due to a defect in a scaffold of which defect he is ignorant may recover indemnity from the manufacturer of the scaffold for the amount paid in settlement. Busch & Latta Paint Co. v. Woermann Construction Co., 310 Mo. 419, 276 S.W. 614. Where a party wall is rendered dangerous by a fire and collapses, injuring persons, the municipality, after being held liable for failure to abate the nuisance, has an action over against the owners. Swentzel v. Holmes, dictum, Mo.Sup., 175 S.W. 871, L.R.A. 1915E, 926. A telephone company which

set poles in the highway was held liable to the city for any damage it might be compelled to pay a party injured by reason of a defect in the street caused by the negligence of the telephone company. Kinloch Telephone Co. v. City of St. Louis, 268 Mo. 485, 188 S.W. 182. Where a railroad company constructs its tracks across a city street and fails to keep the crossing in repair, and the city is held liable for injuries resulting therefrom, the city may recover from the railroad. City of Independence v. Missouri Pacific Ry. Co., 86 Mo.App. 585. Where a judgment was recovered against a city by one whose horse was injured by an unguarded opening in a street, the city was held to have a cause of action against a contractor for his wrongful neglect to guard the openings as required by ordinance. City of Columbia v. Malo, Mo. App., 217 S.W. 625. A city held liable in damages because of an injury caused by a defective grating in a sidewalk maintained by an abutting property owner may recover against such owner. Kilroy v. City of St. Louis, 242 Mo. 79, 145 S.W. 769.

■ The attorneys for the streetcar company contend that the facts presented show a breach of duty which Sam Siegel owed to the streetcar company and its operator, which breach of duty, as alleged, was the active, primary and ultimate cause of plaintiff's injuries. From that it is urged that said defendants are entitled, upon proof of those facts, to indemnity over against Siegel. In support of their contention counsel relies mainly upon a recent decision of the Supreme Court of Texas, Wheeler v. Glazer, 137 Tex. 341, 153 S.W. 2d 449, 140 A.L.R. 1301. In that case the Texas Supreme Court seems to have abandoned the "active" versus "passive" negligence test and announced the rule that indemnity between tort feasors lies when one tort feasor breaches a duty which he owes to the other. It appears from an examination of this case, and other Texas authorities announcing the same rule, that two elements must exist before indemnity is granted: (1) no breach of any duty owed to the indemnitor by the indemnitee, and (2) breach of duty to the indemnitee by the indemnitor.

In the Wheeler case a streetcar and truck collided at an intersection. Plaintiff, a passenger on the streetcar, was injured and brought suit against the streetcar company and Glazer, the owner of the truck. The jury found for the streetcar company. The trial court had instructed the jury that each defendant owed plaintiff the duty of exercising ordinary care and refused Glazer's requested instruction requiring the streetcar company to exercise a very high degree of care toward plaintiff. On appeal, Glazer contended that had the court instructed as requested the jury might have returned a verdict against both defendants and thus Glazer would have been entitled to contribution from the streetcar company. It was ruled that had the streetcar company been held liable, by reason of the high degree of care required of a carrier toward its passenger, it would have been entitled to indemnity from the truck owner. The court said: (153 S.W.2d loc. cit. 451–452)

"The streetcar company exercised ordinary care to avoid the collision with Glazer, but Glazer negligently violated the streetcar company's rights, and thereby brought about the collision. Glazer was a wrongdoer as to the streetcar company, but the streetcar company was not a wrongdoer as to Glazer. Where the injury forming the basis for the judgment against the tort-feasors results from a violation of duty which one of the tort-feasors owes to the other, the latter, at common law, is entitled to contribution or indemnity from the former. * * * Under these circumstances, * * * it would have been entitled * * * to have complete indemnity * * *."

In the case at bar defendant streetcar company cannot be regarded as blameless toward Siegel under the allegation of negligence set out in the petition. The street-

car company is charged with negligence under the res ipsa loquitur doctrine, which negligence is alleged to have been a proximate cause of the collision. The permissible inferences of negligence under that doctrine and the circumstances pleaded would be active and concurrent negligence. The rule announced in the Wheeler case (137 Tex. 341, 153 S.W.2d 449) would not be applied to a situation where the active negligence of both tort feasors contributes to cause the collision. Thus in Valee v. Joiner, Tex.Com.App., 44 S.W.2d 983, a streetcar and a truck collided at an intersection injuring a passenger on the streetcar. The motorman had moved the streetcar into the intersection without sounding a warning, without keeping a proper lookout, and had carelessly brought the streetcar to a stop in the intersection. The truck driver was driving at an excessive rate of speed. Under such circumstances, it was held that defendant streetcar company was not entitled to indemnity. Thus it will be seen from an examination of the language of the Texas cases that the following principle has been applied in determining indemnity between two tort feasors: Where two or more tort feasors are liable to an injured party, if, as to duties owed each other, one is blameless and the others are at fault, the blameless tort feasor is entitled to indemnity from the others. In no other case is indemnity to be allowed.

Also cited is Barb v. Farmers Insurance Exchange, Mo.Sup., 281 S.W.2d 297. Plaintiff in that case brought an action for personal injuries against Farmers Insurance Exchange, a tenant of a building owned by defendant Insurance Exchange Building, Inc. General negligence was charged against both defendants. Insurance Exchange Building, Inc., filed a cross-claim against Farmers Insurance Exchange for indemnity over in the event it was held liable to plaintiff. Farmers Insurance Exchange had leased a part of the basement of the building. Adjacent thereto was a common passageway over which Insurance Exchange Building, Inc., retained control. In this passageway the Farmers Insurance Exchange stacked supplies contained in cardboard boxes or cartons. The boxes fell and injured plaintiff. The lease provided that the lessee was not to obstruct the passageway or use it in any way other than for ingress and egress, etc. There was a verdict for plaintiff, which was affirmed as to both defendants. A judgment over in favor of Insurance Exchange Building, Inc., was also affirmed. The negligence of defendant Farmers Insurance Exchange was found to be failure to exercise due care for the safety of others by storing the boxes in the passageway; and the negligence of Insurance Exchange Building, Inc., was said to be its breach of duty to make the premises safe for invitees. Liability for indemnity was predicated on the well known principle that where one party creates a condition which causes an injury, and the other party does not join therein but is exposed to liability on account of it, the rule that one of two joint tort feasors cannot maintain an action against the other does not apply. The right to indemnity in such cases might be, and sometimes is, explained on the ground that the negligence of the one seeking indemnity is "passive" and that of the other tort feasor is "active". Such principle cannot be applied in the case of moving vehicles where both tort feasors are found to be guilty of active and concurrent negligence in the operation and control of their respective vehicles and jointly create the dangerous situation which results in the plaintiff's injury.

In the case at bar it appears from the allegations of the petition that defendants are charged with active and concurrent negligence, and that such negligence caused the collision. It also appears that each of the defendants is charged with conduct amounting to a violation of duty owed, not only to the injured party, but to each other as well. The Barb case, supra, is no authority in support of the contention urged.

The next case cited is State ex rel. Algiere v. Russell, 359 Mo. 800, 223 S.W.2d 481. In that case William Ball, as plaintiff,

sued the Byers Transportation Company (hereafter referred to as Byers) for personal injuries resulting from a collision between a tractor-trailer, owned by Algiere and operated by the latter's driver, and a school bus operated by Ball. The tractor-trailer was hauling freight for Byers pursuant to a contract to operate under Byers' direction and under its permit and manifest. Byers filed a cross-claim against Algiere, seeking judgment over in the event it was held liable to plaintiff. Separate trials were ordered. Plaintiff secured a judgment for $10,000 against Byers. Algiere then filed a motion to dismiss the cross-claim, which was overruled. Algiere then brought prohibition in the Supreme Court. That court held that the motion to dismiss was properly overruled, and discharged its writ. In its opinion, the court held: (1) that Algiere and Byers could not have been joint tort feasors; (2) that Algiere was the only tort feasor; and (3) that since the liability of Byers to plaintiff (Ball) was constructive or derivative in nature, Byers was entitled to maintain its cross-claim for indemnity.

The decision last above mentioned belongs to that class of cases where the person seeking indemnity has been held liable to the injured party—not for his own wrong, but by reason of his purely vicarious responsibility for the conduct of the person who committed the tort. And while it is true that there was a breach of duty by the servant in failing to perform his work in a careful manner, it was Byers' freedom from fault and its vicarious liability, considered in connection with that breach of duty, which gave rise to its right of indemnity.

Under the allegations in the case at bar neither defendant Hoffman nor the streetcar company was free from negligence toward defendant Siegel. Nor was the negligence charged merely constructive. If said defendants are held liable it will be on account of their own personal negligence and not by reason of the negligence of Siegel.

Defendant streetcar company also cites as an authority in its favor the case of Nashua Iron & Steel Company v. Worcester & Nashua R. Co., 62 N.H. 159. The declaration in that case alleged that due to the defendant's careless management of its engine and cars the plaintiff's horse was frightened and caused to run upon Ursula Clapp; that Clapp brought an action against plaintiff and recovered a judgment. Plaintiff prayed for indemnity against defendant. To this declaration the defendant demurred. The court in passing upon the case assumed facts possible under the pleading, to wit, that though plaintiff negligently mismanaged the horse, defendant had the last chance by the use of due care to avoid frightening it. The court overruled the demurrer. It was held that while the negligence of plaintiff in placing the horse in peril might be regarded as wrongful as between plaintiff and the person injured, it was innocent as between plaintiff and the defendant, as defendant after knowledge of the peril might have averted the accident; and on the further ground that the negligence of the defendant, which had the last clear chance to avert the accident, was, as between itself and plaintiff, to be regarded as the sole cause.

The Nashua case has been justly criticised by Professor Bohlen in an article in the Cornell Law Quarterly, Vol. 22, page 469, loc. cit. 483. After referring to the reasons assigned by the court for its ruling, the professor states:

"If these were the actual reasons for that doctrine, there would be logic in the court's position that if the claimant suing for his own injury can recover against the defendant he should also recover indemnity for any sum which he has been forced to pay to a third person. If, on the other hand, the last clear chance doctrine is recognized as a device by which the rigor of the doctrine, which denies recovery to a plaintiff himself guilty of negligence contributing to his injury, can be modified so as to give a right of recov-

ery where the plaintiff's helplessness and defendant's misconduct after its discovery so appeals to the sympathies of the court as to lead it to find a semblance of difference in fault, the right of indemnity ceases to be a logical deduction from the last clear chance doctrine. This is particularly true where that doctrine is extended to cases where the defendant does not know of plaintiff's helpless peril, but could have discovered it in time to avert the accident had he exercised that vigilance which his duty to plaintiff required. It is even less possible to regard the defendant as so much the greater sinner as to require him to indemnify the plaintiff for any sum which he has been forced to pay to the injured third person, where the humanitarian doctrine is in vogue and an inattentive plaintiff is entitled to recover from the no more inattentive defendant, or where the defendant's lack of careful preparation makes him liable to an inattentive plaintiff whom he has done all in his power to save from injury."

The Supreme Court of Colorado has also followed the Nashua case and adopted the last clear chance doctrine in indemnity cases. Colorado & S. Ry. Co. v. Western Light and Power Co., 73 Colo. 107, 214 P. 30; Parrish v. De Remer, 117 Colo. 256, 187 P.2d 597.

If the Nashua doctrine should be adopted in this case it would be inconsistent with many of our previous decisions in which indemnity has been granted. For instance, take the case of Busch & Latta Paint Co. v. Woermann Construction Co., supra. There the paint company had the last chance to avert the injury to its employee by inspecting the scaffold and discovering its defective condition. Yet the paint company was awarded indemnity on the theory that it was less culpable than the construction company which built the scaffold. If we should adopt the Nashua doctrine we would be compelled to say that the Busch

& Latta case was wrongly decided. We are not disposed to do so.

Other instances might be cited where the ruling in the Nashua case would conflict with previous holdings, particularly those in which indemnity is granted to a city or landowner held liable for negligence in failing to discover and remedy a dangerous condition created by the negligence or wrongful act of another. In such cases the last clear chance generally resided in the one to whom indemnity was awarded. City of Springfield v. Clement, 205 Mo.App. 114, 225 S.W. 120; Swentzel v. Holmes, Mo.Sup., 175 S.W. 871, L.R.A.1915E, 926; Kinloch Telephone Co. v. City of St. Louis, 268 Mo. 485, 188 S.W. 182; City of Columbia v. Malo, Mo.App., 217 S.W. 625; Kilroy v. City of St. Louis, 242 Mo. 79, 145 S.W. 769.

In Kimbriel Produce Co. v. Mayo, Tex. Civ.App., 180 S.W.2d 504, the problem was presented in an intersection collision case and the court refused to allow the doctrine as a test of the right of indemnity. In passing on the question the court said that there was no difference in quality between the negligence of the two tort feasors.

Upon the facts in the instant case it appears that the accident occurred by reason of the collision of two moving vehicles— one in control of the streetcar company and the other being operated by defendant Siegel. Both defendants owed plaintiff the same duty, i. e., the duty to use the highest degree of care. It is alleged that both defendants were negligent in failing to exercise that degree of care. The negligence charged against both defendants was of the same character; it was active and concurrent, and alleged to be the proximate cause of plaintiff's injuries. The fact that defendant streetcar company is charged under the res ipsa loquitur doctrine does not render it less culpable. Before defendant streetcar company can be held liable it must be found negligent, and in this case the permissible inferences under that doctrine would be of no different character

than that charged against defendant Siegel. Such negligence would be active and concurrent, and a primary cause of plaintiff's injuries. It is our judgment that no right of indemnity exists on behalf of either the streetcar company or its operator against Siegel on the facts as they appear; that the facts show a common liability and not a primary or secondary liability. Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368, 24 A.L.R.2d 319; Knippenberg v. Lord & Taylor, 193 App.Div. 753, 184 N.Y.S. 785; Valdale Apartments, Inc., v. Ercito Mazzella Construction, Inc., Sup., 115 N.Y.S.2d 59; Kloppenberg v. Brooklyn Union Gas Co., Sup., 82 N.Y.S.2d 687.

Relator's motion for judgment on the pleadings is sustained and our preliminary rule in prohibition is made absolute.

RUDDY, P. J., and JAMES D. CLEMENS, Special Judge, concur.

On Motion for Rehearing

ANDERSON, Judge.

In respondent's motion for rehearing it is urged that we overlooked and failed to accept as true the allegations of the cross-claims wherein it is averred that the cross-claiming defendants were guilty of no negligence whatever, but as between said defendants and Sam Siegel the direct and primary cause of the accident was Sam Siegel's negligence in cutting into the path of the moving streetcar and suddenly stopping in front of it.

We had not overlooked the above mentioned allegations, but had considered them in connection with the further allegation that under the averments of plaintiff's petition a jury would be entitled to infer negligence on the part of Hoffmann and the streetcar company under the res ipsa loquitur theory. If it is established that the cross-claiming defendants were guilty of no negligence whatever, no valid judgment could be rendered against them.

Such finding would end the lawsuit as far as they were concerned and the matter of indemnity would be out of the case. Such allegations afford no basis for a claim of indemnity. Ruping v. Great Atlantic & Pacific Tea Co., Sup., 124 N.Y.S.2d 269; Kloppenberg v. Brooklyn Union Gas Co., 82 N.Y.S.2d 687. Nor is a case for indemnity made by the allegation that Sam Siegel's negligence was the direct and primary cause of the collision; because, as alleged in said cross-claims, he "knew or by the exercise of the highest degree of care should have known that this defendant (St. Louis Public Service Company) could and might be subjected to liability * * * if said auto was caused and permitted to collide with this defendant's streetcar." No liability could be imposed on the streetcar company by reason of any such alleged negligence of Sam Siegel, for the reason that there is no relationship between the parties which would warrant the imposition of such liability. Nor is there any basis for liability over on any theory. The facts do not present such a case. The principles which govern in the determination of the question presented are well stated in Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368, 371, 24 A.L.R.2d 319, where it is said:

"Without multiplying instances, it is clear that the right of a person vicariously or secondarily liable for a tort to recover from one primarily liable has been universally recognized. But the important point to be noted in all the cases is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible. In the case of *concurrent* or *joint* tortfeasors, having no legal relation to one another, each of them

owing the same duty to the injured party, and involved in an accident in which the injury occurs, there is complete unanimity among the authorities everywhere that no right of indemnity exists on behalf of either against the other; in such a case, there is only a common liability and not a primary and secondary one, even though one may have been very much more negligent than the other."

■ It is urged that we erred in holding that the streetcar company and Sam Siegel owed plaintiff the same degree of care. Under our decisions a carrier of passengers is held to the highest degree of care, prudence and foresight for the safety of its passengers. May v. Chicago, B. & Q. R. Co., 284 Mo. 508, 225 S.W. 660; Cecil v. Wells, 214 Mo.App. 193, 259 S.W. 844. Section 304.010 RSMo 1949, V.A.M.S., provides that every person operating a motor vehicle on the highways of this state shall drive the same in a careful and prudent manner, and shall exercise the highest degree of care.

In respondent's motion it is also urged that the defendants could not be in pari delicto for the reason that the duties each owed toward the other were different—that of Hoffmann and the streetcar company being the exercise of ordinary care, and that of Siegel being the exercise of the highest degree of care.

■ The solution of our problem cannot be based upon a consideration of the disproportionate duties owed by one tortfeasor to the other, where both have breached substantially equal duties owed the injured person, and have concurrently and jointly committed negligent acts of

the same general character. In such cases, it cannot be said that one tortfeasor was more culpable than the other in causing plaintiff's injury. In determining this matter it is the breach of duty toward the injured person, taken in connection with the other considerations above mentioned, which is of prime importance.

Nothing we have said, either in this or our original opinion, should be construed as prohibiting the defendant St. Louis Public Service Company from prosecuting its cross-claim for any damage it may have suffered to its streetcar. Likewise, defendant Hoffmann may, by cross-claim, seek damages for his personal injuries, if any, if he is so advised. Our writ runs only to the matter of indemnity.

■ Lastly, it is urged that relator is not entitled to prohibition for the reason that he has an adequate remedy by appeal.

In State ex rel. Algiere v. Russell, 359 Mo. 800, 223 S.W.2d 481, the Supreme Court exercised its jurisdiction to issue a writ of prohibition in a case similar to the one at bar. Jurisdiction to issue the writ was not discussed in the opinion in that case, but no doubt was considered by the court. We consider that case as an authority in support of our jurisdiction to issue a writ of prohibition where, as here, under the admitted facts, no cause of action for indemnity can be stated. See State ex rel. Reed v. Harris, 348 Mo. 426, 153 S.W.2d 834, and cases there cited.

The respondent's motion for rehearing or to transfer is overruled.

RUDDY, P. J., and JAMES D. CLEMENS, Special Judge, concur.