STATE OF MISSOURI at the Relation and to the Use of JOE MERINO and BYRON RUSSELL, Relators, v. V. C. ROSE, Judge of the Third Judicial Circuit of the State of Missouri and Judge of the Circuit Court of Mercer County, Missouri, Respondent, No. 42376—240 S. W. (2d) 705.

Court en Banc, June 11, 1951.

*Hubert Fuller* for relator Joe Merino; *Russell N. Pickett, Eugene E. Andereck, Phil Hauck* and *Pickett & Pickett* for relator Byron Russell.

*R. Leroy Miller* for respondent.

CONKLING, J.—Prohibition.  Upon petition therefor we issued our preliminary rule prohibiting Honorable V. C. Rose, as Judge of the Circuit Court of Mercer County, from proceeding further as against Joe Merino in a certain cause pending in said circuit court wherein Merino (by a third-party petition permitted to be filed by an order of respondent) has been made a third-party defendant.  This case presents for our ruling a question which arose under our third-party practice statute (formerly Sec. 847.20 of Mo RSA), now RSMo 1949, Sec. 507.080.

On November 8, 1949, one Byron Russell was riding as a passenger in an automobile operated by Merino near Trenton, Missouri, when a collision occurred between Merino's automobile and one operated by one M. L. Elledge.  On December 2, 1949, Russell filed in the circuit court an action for damages for alleged personal injuries against Elledge.  Thereafter Elledge filed his answer in said cause.  Russell then filed his reply.  Thereafter Elledge (the original defendant) filed his motion for leave to file, as third-party plaintiff, a petition in the cause making Merino a third-party defendant.  On September 11, 1950, that motion was sustained, the offered third-party petition was filed and summons was ordered issued.  The third-party petition so filed is before us.  Summons was served upon Merino on September 13, 1950.  That third-party petition prayed judgment against Merino, "* * * for all sums, if any, that may be adjudged against him (Elledge) in favor of plaintiff, Byron Russell."  By leave of respondent the prayer of the third-party petition was amended on October 13, 1950 to pray for $15,000 damages.  In the court's order of September 11, 1950 sustaining the motion for leave to file the third-party petition, the court recited also that the original plaintiff (Russell) refused "to accept said party (Merino) as a party defendant."  But the motion for leave to file the third-party petition was nevertheless sustained, that petition was filed and Merino was served with summons as a third-party defendant.  Russell did not amend his petition to state a claim or cause of action against Merino.

On September 30, 1950, Russell, as authorized by RSMo 1949, Sec. 537.060, for a consideration executed a written covenant not to sue Merino.  The covenant is before us.  On October 2, 1950 Merino filed his motion to be dropped as a third-party defendant.  That motion the court overruled.  Merino filed his answer to the third-party petition. Merino, by leave of court, thereafter withdrew his answer to the

third-party petition and filed his motion to be dropped as a third-party defendant and to dismiss the third-party petition. That motion was overruled. Merino also moved the court to vacate the last named order, and that motion was likewise overruled.

On the same day that Russell filed his original suit against Elledge (December 2, 1949), Merino also filed suit in said circuit court against Elledge for damages for personal injuries alleged to have been sustained by Merino in the above mentioned automobile collision of November 8, 1949. In that action Elledge filed his answer and filed also his counterclaim therein praying damages for the injuries which it was alleged in the counterclaim he (Elledge) received in that collision of November 8, 1949. To that answer and counterclaim Merino filed reply.

Briefly summarized, the situation is: Russell was a passenger in Merino's car when a collision occurred with Elledge's car; each of the three claim to have been injured; Russell sued Elledge; Merino sued Elledge and Elledge in that case counterclaimed against Merino. In Russell's suit against Elledge, the latter sought leave to file a petition making Merino a third-party defendant and the respondent Judge permitted the filing of that third-party petition. But Russell declined to accept Merino as a third-party defendant, did not amend his petition to state a claim or cause of action against Merino, and covenanted in writing not to sue Merino. Thereupon Merino by motion sought to be dropped as a third-party defendant and have the third-party petition dismissed, but respondent declined to enter such an order, and now continues to hold Merino in the case as third-party defendant.

Counsel for Elledge (who filed the brief here on behalf of respondent Judge) cite but one case, State ex rel. McClure v. Dinwiddie, 358 Mo. 15, 213 S. W. (2d) 127. In that case we held that if, as here, the original plaintiff declined to accept the tendered third-party defendant as a defendant in the case, and declined to amend plaintiff's petition to state a cause of action against such tendered third-party defendant that no judgment could be had *in favor of plaintiff* against the tendered third-party defendant. In this case plaintiff did not amend and state a cause of action against the tendered third-party defendant, and, by contract covenanted not to sue Merino. It is therefore not material to the merits of this controversy that the third-party petition filed by Elledge may state a cause of action in favor of plaintiff and against Merino for, under these circumstances, Russell could have no judgment against Merino in any event. State ex rel. McClure v. Dinwiddie, supra.

Our third-party practice statute (Sec. 507.080) authorizes a third-party petition to ▮▮ be filed by a third-party plaintiff against a person not a party to the action "who is or may be liable to him (the third-party plaintiff) or to the plaintiff for all or a part of the plaintiff's claim against him."

Whether the respondent Judge may hold Merino in the case as a defendant, and proceed further in the Russell case against Merino, of necessity must depend upon whether the third-party petition (filed by Elledge against Merino) states a cause of action in favor of Elledge and against Merino. We next examine the petition to determine that fact.

The third-party petition, in its first and introductory paragraph, alleges Merino was not a party to the original action, but that Merino, "* * * is, or may be, liable to plaintiff, or to this third-party plaintiff, M. L. Elledge, for all or part of the claim of the said plaintiff, Byron Russell, which liability is hereinafter set out." In the succeeding paragraphs of the third-party petition it is alleged by Elledge, that, (1) various specifically alleged negligent acts of Merino "directly caused the collision, and the consequent injuries, if any, to the plaintiff, Byron Russell"; that (2) "third-party plaintiff (Elledge) denies that said collision occurred through any negligence whatsoever on his part"; and (3) that Russell's injuries "were received as a direct result of the negligence of * * * Merino in the operation of his (Merino's) said automobile". As above noted the third-party petition first prayed judgment "for all sums * * * that may be adjudged * * * in favor of * * * Russell" and, by amendment, now prays for $15,000 damages. The prayer, or the change in the prayer, does not determine the matter now before us.

It may be conceded that the third-party petition states a cause of action in favor of Russell and against Merino, but it is crystal clear that it states no cause of action in favor of Elledge and against Merino. We find in the third-party petition not one word as to why Elledge should be allowed any verdict as against Merino, and no statement of fact, nor any reasonable conclusion from any fact stated as to why Elledge should be allowed any verdict in any sum against Merino. A mere conclusion of a pleader, in a third-party petition, that the negligence of a third-party defendant was either the direct or the sole cause of a collision is not a compliance with the requirements of Sec. 507.080. As between Elledge and Merino no issue whatever is tendered by the pleadings. Therefore, in the case in which Russell is plaintiff there is nothing as between Elledge and Merino which can possibly be litigated.

This case is quite unlike the recently reported case of Hipp v. Kansas City Public Service Company, 237 S. W. (2d) 928, decided by the Kansas City Court of Appeals on March 5, 1951. In that case, after Williams was brought in by summons as a third-party defendant by the Public Service Company (original defendant), he cross claimed against Public Service Company for damages for personal injuries received by him when the street car and his automobile collided, and thereby caused (Williams alleged) the injuries to him for which he

cross claimed. The Public Service Company (operating the street car) joined issue on the cross claim by a general denial. The original plaintiff (Alice Hipp) "failed to amend her petition so as to state a cause of action" against Williams, and thereafter dismissed her action. Williams thereafter had judgment against the Public Service Company upon his cross claim. That judgment was affirmed upon appeal. In that case Williams' cross claim stated a cause of action in his own favor as against the Public Service Company, and issue was joined thereon. In the Hipp case there was an actual subsisting cause of action presented by the pleadings as between the third-party plaintiff and the third-party defendant. The Court of Appeals correctly ruled the Hipp case. But in the instant case there is no cause of action even stated in the third-party petition in favor of the third-party plaintiff and against the third-party defendant. Consequently, in the instant case, as between Elledge and Merino, there is nothing which can be litigated.

We are here considering a tort action only, not one of derivative liability, wherein ▬▬▬ the liability of the third-party defendant to the third-party plaintiff might possibly arise by legal relation or by antecedent contract between them. But even in those classes of cases there would have to be made to appear by the pleadings some legal reason why the third-party defendant would be liable to the third-party plaintiff "for all or a part of the plaintiff's claim." As above noted, in this case it is not determinative that the third-party petition may state a cause of action in favor of plaintiff, for here, for reasons stated above, Russell can have no judgment against Merino. State ex rel. McClure v. Dinwiddie, supra.

It not appearing that Merino "* * * is * * * liable to him (Elledge) * * * for all or (any) part of the plaintiff's (Russell's) claim against him" (Elledge), it necessarily follows that the pendency of this third-party petition presents no legal justification for respondent proceeding further in the Russell case as against Merino. "A court must proceed in a pending cause according to the course prescribed by law, in that the petition before it must be one in the first instance sufficient to initiate the exercise of its jurisdiction." State ex rel. Randolph County v. Walden, Special Judge, 357 Mo. 167, 206 S. W. (2d) 979, State ex rel. National Refining Co. v. Seehorn, Judge, 344 Mo. 547, 558, 127 S. W. (2d) 418.

Under the third-party practice statute it should appear that the third-party petition, offered to be filed, tenders issues which would make the third-party defendant liable to either the original plaintiff or the original defendant. And if, for reasons above set out and appearing in this case, plaintiff cannot have a judgment against the tendered third-party defendant, it is imperative that the third-party petition tender issues which would make the third-party defendant liable to the third-party plaintiff.

For the reasons above stated, the respondent may not proceed further in the Russell case as to Joe Merino, and the provisional rule in prohibition heretofore issued herein should be made absolute. It is so ordered. All concur.