**Murry S. JOHNSON, Plaintiff,**

v.

**CALIFORNIA SPRAY–CHEMICAL COMPANY, a Corporation (Defendant-Third-Party Plaintiff), Appellant,**

v.

**BYERS TRANSPORTATION COMPANY, Inc. (Third-Party-Defendant), Respondent.**

No. 49412.

Supreme Court of Missouri,

Division No. 1.

Nov. 14, 1962.

Motion for Rehearing or to Transfer to Court En Banc Denied Dec. 11, 1962.

William H. Sanders, Dean F. Arnold, Caldwell, Blackwell, Sanders & Matheny, Kansas City, for appellant.

A. Warren Francis, Lloyd A. Hamrick, Kansas City, for respondent.

HOLMAN, Commissioner.

In this action plaintiff seeks to recover damages from defendant, California Spray-Chemical Company, in the sum of $100,000 for the loss of the sight of his left eye. The injury is alleged to have occurred when plaintiff came in contact with certain packages of chemicals being shipped by defendant over the truck lines of Byers Transportation Company, Inc., plaintiff's employer. Defendant, as third-party plaintiff, filed a third-party petition against Byers, as third-party defendant, seeking to recover an indemnity judgment for the amount of any judgment plaintiff might recover against defendant, plus the amount of any reasonable costs and expenses defendant may incur in the defense of plaintiff's said claim. A motion filed by Byers to dismiss the third-party petition was sustained, the order of dismissal was designated by the court as a final order for the purposes of appeal, and the chemical company has duly appealed therefrom.

Plaintiff's petition alleged that defendant was engaged in the business of manufactur-

ing and distributing insecticides and fungicides which were inherently and imminently dangerous in the form in which they were manufactured and shipped in that they would cause severe injury to human tissue; that on July 19, 1960, portions of defendant's said products escaped from the packages thereof and came into contact with plaintiff's eye while he was moving the packages as a part of his duties as a freight handler, causing the injury heretofore described; that defendant was negligent (a) in manufacturing and shipping said dangerous chemicals without so packaging said chemicals as to prevent their escaping from the packages in which they were shipped; (b) in shipping said chemicals in packages with knowledge that said packages were insufficient to contain said chemicals within the said package; (c) in failing to adequately warn freight handlers of the dangerous contents of the said packages and the hazards necessarily resulting from contact therewith when such chemicals would escape from the packages in which they were shipped; and (d) in failing to warn freight handlers of the dangers which would result from exposure to said chemicals when defendant knew that "by reason of the type and kind of package that defendant was using * * portions of said chemicals would not remain in and be contained and retained in said packages but would escape therefrom."

The third-party petition alleged that Byers was a common carrier by truck; that if plaintiff was exposed to any chemicals manufactured by defendant such contact was with original packages shipped by defendant from St. Louis to Kansas City, Missouri, via the facilities of Byers; that such packages fully complied with the requirements of the tariffs filed by Byers; that if defendant is ultimately held liable to plaintiff it, as third-party plaintiff, is entitled to indemnity from Byers upon each of the following grounds: (a) Third-party defendant (Byers) was an insurer of goods in its custody and control and defendant is being exposed to liability because of Byers' negligence; (b) Byers undertook to transport the packages of chemicals with knowledge of the strength and other characteristics of said packages, and if such chemicals escaped therefrom such was caused or permitted by the negligent act or omission of Byers; (c) that if such chemicals escaped from said packages and adhered to the exterior thereof, Byers negligently permitted plaintiff to come in contact with such chemicals, thereby negligently exposing defendant to liability in violation of Byers' contract of carriage; (d) that such shipment was subject to the tariff filed by Byers with the Missouri Public Service Commission which contained the following provision: "Rule 5, Section 1(b) * * * the carrier will refuse to accept any articles * * * not prepared for shipment as to render transportation thereof reasonably safe and practicable." And that by virtue thereof Byers thereby impliedly contracted to hold defendant harmless from any claim arising from said shipment, including the exposure of the chemicals in said packages to any persons, including plaintiff; and (e) that if Byers handled the packages in such manner as to cause them to break, after having notice of the strength and other characteristics of said packages, plaintiff's claim against defendant was directly caused by the active negligence of Byers in handling and storing such packages. A copy of plaintiff's petition was attached to the third-party petition and made a part thereof.

The motion of third-party defendant (Byers) to dismiss the third-party petition is based upon the following grounds: (a) That said petition fails to state a claim against third-party defendant upon which relief can be granted; (b) that said petition shows on its face, and in plaintiff's petition attached thereto, that plaintiff is relying only upon the active negligence of defendant, and if defendant is held liable it will be on account of its personal negligence and not by reason of the negligence of Byers; (c) that the negligence alleged by plaintiff against defendant is active negligence in the manner of packaging and labeling its products and fails to allege any special relationship which

would obligate Byers, even though negligent in some respect, to indemnify defendant for any judgment that might be obtained against it, and (d) although defendant, in the third-party petition, alleges an implied contract to save it harmless, it appears on the face of said petition that such is not based upon a written or oral understanding between the parties, but is based upon Rule 5 of the regulations of the Missouri Public Service Commission, which rule makes no provision for indemnity nor requires the carrier to hold the shipper harmless from dangers due to the shipper's own negligence.

Appellant's contention that its third-party petition states a claim upon which indemnity may be granted against Byers is primarily based upon the theory that Byers, "in specifying in its tariff the requirements of packages for shipment of the chemicals here involved, and in hereafter accepting this particular shipment, undertook or assumed the primary duty to protect its own employees, including plaintiff, from contact with said packages of chemicals during the course of shipment. If defendant third-party plaintiff is liable to plaintiff for using packages which met the specifications established by third-party defendant, then, on principles of quasi-contract, third-party defendant should respond in indemnity to third-party plaintiff."

 The copy of plaintiff's petition became a part of the third-party petition (to which it was attached as an exhibit) "for all purposes." Civil Rule 55.14. When we consider the allegations of plaintiff's petition in conjunction with the allegations of the third-party petition the conclusion is inescapable that appellant and Byers were joint tortfeasors in this matter. If they may be said to be in pari delicto, then neither would be entitled to indemnity from the other. However, in many situations, joint tort-feasors are held not to be in pari delicto. "The area in which a party held liable for negligence may secure indemnity from another party also negligent is closely circumscribed. It embraces a group of special situations and

relationships where it has seemed reasonable and desirable to impose the ultimate responsibility on the person found to have played the active or primary role in the negligent situation in favor of one also held liable, but whose part in the event is passive or secondary. In such situations the parties are said not to be in pari delicto." State ex rel. Siegel v. McLaughlin, Mo.App., 315 S.W.2d 499, 502.

In the cases of Crouch v. Tourtelot, Mo. Sup., 350 S.W.2d 799, Kansas City So. Ry. Co. v. Payway Feed Mills, Inc., Mo.Sup., 338 S.W.2d 1, and McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co., Mo. Sup., 323 S.W.2d 788, this court has extensively discussed the subject of indemnity and the various situations wherein one joint tortfeasor may recover indemnity from the other. We need not extend this opinion by including a restatement of the principles so plainly enunciated in those cases.

██ We have concluded that appellant's third-party petition does not state a claim upon which relief in the nature of indemnity may be granted. According to plaintiff's petition appellant was guilty of gross active negligence in placing the imminently dangerous chemicals in inadequate packages which would not prevent them from escaping therefrom and in delivering said packages to Byers for the purpose of being transported without giving any warning as to the dangerous contents thereof. As heretofore indicated, appellant seeks to place the primary duty of protecting plaintiff and others who might come in contact with said packages upon Byers because it had included a packaging requirement in its tariff and thereafter accepted these packages for shipment. It will be noted that the provision of the tariff did not purport to provide a definite standard of packaging. For example, it did not say that all dangerous insecticides should be placed in triple-walled containers with the openings thereof closed with double stitching, or anything of that type. It merely provided that the carrier refuse to accept articles not prepared for shipment so as to ren-

der transportation thereof "reasonably safe and practicable." As between appellant and Byers it must be said that appellant had a better knowledge of the dangers of shipping these particular chemicals in inadequate containers than did Byers. Moreover, the fact that Byers accepted these unsafe packages for shipment did not transform them into safe packages. The allegation that these packages complied with Byers' tariff (and hence were reasonably safe) is in direct conflict with the allegations of plaintiff's petition which was made a part of the third-party petition. If that allegation is true, appellant was not negligent at all and plaintiff cannot obtain a judgment against it and there would be no occasion for appellant to seek indemnity. It is basic in testing the sufficiency of a third-party petition in a negligence action that we accept as true the allegation that third-party plaintiff is guilty of some negligence and then determine from the remaining allegations whether the third-party defendant is guilty of such active and primary negligence that it should be required to indemnify third-party plaintiff to the extent that it may be held liable to plaintiff. We must therefore disregard the allegation that the packages complied with the tariff requirement when delivered to Byers. See State ex rel. Siegel v. McLaughlin, Mo. App., 315 S.W.2d 499 [4].

■ It must be concluded, however, that in accepting the unsafe packages for shipment, Byers failed to enforce its tariff provision. In so doing did Byers assume the primary responsibility of protecting plaintiff and others from contact with the dangerous chemicals? We think not. There is no allegation that Byers expressly agreed with appellant to accept the unsafe packages and transport them in such a manner that no one would sustain injury and we do not know of any basis for implying such an agreement under the circumstances here presented. Appellant remained an original active wrongdoer in having placed these dangerous chemicals in unsafe packages and delivering them to Byers for transportation. Under the allegations of the third-party petition Byers was negligent in transporting the packages without warning plaintiff of the danger involved, and in handling these unsafe packages in a manner that would cause them to break and the contents to escape therefrom. We think it plainly appears from the allegations before us that both appellant and Byers were guilty of active negligence which combined to directly cause plaintiff's injury and hence they were in pari delicto. In that situation appellant may not recover indemnity from Byers.

We are supported in our conclusion by McFall v. Compagnie Maritime Belge (Lloyd Royal) S.A., 304 N.Y. 314, 107 N.E. 2d 463, a case involving facts similar to those in the case before us. In that case plaintiff, a longshoreman, was injured by inhaling fumes from carbon tetrachloride being shipped in steel drums by Dow Chemical Company. Plaintiff sued Dow and certain other defendants. Dow filed a third-party complaint against plaintiff's employer, Transoceanic Terminal Corporation, and produced evidence indicating that the drums had been handled roughly when loaded upon the ship by Transoceanic. The trial court, in dismissing Dow's third-party claim at the close of the evidence, stated: " 'Implicit in the fastening of liability on Dow must be a finding that the drums here involved were not reasonably safe for the purposes for which they were used and that Dow was affirmatively negligent. If this be so, then subsequent mishandling by Transoceanic, if any there was, would establish both as active joint tort-feasors. In such circumstances, there may not be a recovery over.' " In approving that action the appellate court said: "We agree with that disposition of Dow's claim against Transoceanic. The only evidence in the record which would permit a jury to find Dow negligent was that indicating that the carbon tetrachloride was shipped in drums which were inadequate for the purpose intended and the jury so found. That act was not a mere failure to perform a nondelegable duty imposed by law which,

under the circumstances should have been performed by another—it was an act of affirmative negligence."

Appellant has cited the case of United States v. Savage Truck Line, Inc., 4th Cir., 209 F.2d 442, 44 A.L.R.2d 984, which, on its face, would seem to support its contention. In that case the plaintiff (shipper) negligently loaded heavy engines on defendant's truck. The manner of loading was observed but not remedied by defendant's driver. During transit the cargo shifted causing an accident. Four suits for resulting damages were filed against both the carrier and shipper. The court held that the shipper was entitled to indemnity from the carrier notwithstanding it had originally loaded the cargo on the truck in a negligent manner. The decision can probably be distinguished from the case at bar because of the nature of the cargo, the manner of transporting it, and the fact that certain federal laws and regulations, as well as the laws of Virginia, were involved. However, in any event, we do not agree with the decision and would not care to follow it because it, in large part, is based upon the principle that the joint tort-feasor who had the last clear chance to avoid the casualty should indemnify the other. That principle has never been followed in this state and, in fact, was expressly rejected in State ex rel. Siegel v. McLaughlin, supra.

Appellant has also briefed the theory that Byers "failed to carry out in a reasonable manner the workmanlike service required by the contract of carriage between third-party plaintiff and third-party defendant. For the breach of this warranty to render workmanlike service, third-party defendant should respond in indemnity herein." In support thereof it cites Busch & Latta Paint Co. v. Woermann Const. Co., 310 Mo. 419, 276 S.W. 614, and certain federal cases involving stevedoring contracts wherein the shipowner (held liable to an injured longshoreman) was granted indemnity against the stevedoring contractor. See, for example, Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct.

232, 100 L.Ed. 133. Byers says this theory should not be considered because there are no allegations in the third-party petition to support it. It is doubtful that the allegations are sufficient to support the foregoing theory of recovery, but we will not decide that question because we are convinced that the contention is without merit. This, for the reason that under the theory here presented, as well as the one previously discussed, our holding that appellant and Byers were in pari delicto would preclude any recovery of indemnity by appellant from Byers. Busch & Latta Paint Co. v. Woermann Const. Co., supra.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.