Thomas M. CAMPBELL, Plaintiff,

v.

Albert PRESTON, Jr., Defendant-Cross-
Claimant-Appellant,

Rebecca Beeman, William Bradley, and
Marie Palmer, Defendants-Cross-
Defendants-Respondents.

No. 50262.

Supreme Court of Missouri,

Division No. 2.

June 8, 1964.

558

Wm. Coleman Branton, James E. Grier, Kansas City, for defendant, cross-claimant-appellant, Albert Preston, Jr., M.D., Brewer, Myers & Branton, Kansas City, of counsel.

Jerome W. Seigfreid, Edwards, Seigfreid & Runge, Mexico, Mo., for respondent William Bradley.

William H. Sanders, Dean F. Arnold, Thomas I. Osborne, Kansas City, for respondent Palmer, Caldwell, Blackwell, Sanders & Matheny, Kansas City, of counsel.

Clark A. Ridpath, Kansas City, for respondent Beeman, Moody & Ridpath, Kansas City, of counsel.

STORCKMAN, Presiding Judge.

This is an appeal from an order dismissing a cross-claim filed pursuant to Civil Rule 55.49, V.A.M.R. in an action to recover for the wrongful death of plaintiff's wife, Edith S. Campbell, who died from the effects of a drug alleged to have been negligently prescribed and administered to her while she was a patient in St. Luke's Hospital in Kansas City.

The sole defendant in the original petition was Albert Preston, Jr., a medical doctor who prescribed the drug. Thereafter, an amended petition was filed joining as defendants William Bradley, an intern employed by St. Luke's Hospital, Rebecca Beeman and Marie Palmer, both registered nurses also employed by the hospital. These added defendants are alleged to have had a part in administering the drug which Dr. Preston prescribed. The petition is separated into three counts with one prayer for relief which seeks a $25,000 judgment against all the defendants.

The defendants Beeman, Bradley, and Palmer filed separate motions to dismiss the amended petition for failure to state a claim and because as to them the plaintiff's claim was barred by the one-year statute of limitations. In addition to an answer, the defendant Preston filed a cross-claim against his co-defendants Bradley, Palmer, and Beeman by which he sought to have judgment rendered against his co-defendants for all amounts that might be adjudged against him in favor of the plaintiff. The cross-defendants filed separate motions to dismiss the cross-claim of defendant Preston alleging generally that the cross-claim failed to state a claim upon which any relief could be granted and that the claim as to them was barred by the one-year statute of limitations. Mrs. Campbell died March 13, 1961, and the amended petition was filed February 25, 1963.

On June 11, 1963, the trial court entered its orders sustaining the separate motions of the defendants Beeman, Bradley, and Palmer to dismiss plaintiff's first amended petition and the cross-claim of the defendant Preston. The plaintiff's amended petition was dismissed without prejudice but the dismissal was stated in the order to be a final judgment as to the defendants Beeman, Bradley, and Palmer. The cross-claim of the defendant Preston was also "dismissed without prejudice", and the dismissal was designated a "final judgment". The orders of dismissal did not specify the grounds upon which they were granted.

The plaintiff did not appeal from the judgment dismissing his petition as to the defendants Beeman, Bradley, and Palmer. The case is before us on the appeal of the

cross-claimant Preston who presents the contentions that his cross-claim states a claim for indemnity and that it is not barred by the statute of limitations. The respondents Beeman, Bradley, and Palmer in general contend that the cross-claim fails to state a cause of action in that no facts were alleged to establish a primary duty owing by the intern and the nurses to Dr. Preston and because the cross-claimant's own pleadings establish that the intern and the nurses were employees of the hospital and not of Dr. Preston and that the alleged negligence of the intern and the nurses did not expose the defendant Preston to liability under the doctrine of respondeat superior.

This court has jurisdiction of the appeal because the amount involved exceeds $15,000 in that the sum for which the appellant seeks indemnity is $25,000 as shown by plaintiff's petition. Crouch v. Tourtelot, Mo., 350 S.W.2d 799, 802 [5]. See also Federal Practice and Procedure, Rules Edition, Barron and Holtzoff, Vol. 1A, § 392, pp. 547–550.

Civil Rule 55.49 provides that: "A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein, or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." Our cross-claim rule is the same as Federal Rule 13(g). Civil Rule 52.10, regarding the third-party practice, and Civil Rule 55.45, concerning counterclaims, are related in purpose to Civil Rule 55.49 but cover different factual situations.

In his brief and written argument, the appellant has narrowed the issues considerably with respect to the grounds on which he seeks to proceed with his cross-claim against the respondents. He asserts that his cause of action based upon a claim of indemnity depends upon the existence of a principal and agent relation between the appellant and the respondents. He concedes that he is not entitled to relief under his cross-claim unless he is free from active and primary negligence and is not in pari delicto with the respondents. In his brief the appellant states his position in this fashion: "Pursuant to the foregoing rule [55.49], the appellant elected to file a cross-claim against the respondents stating that if, as plaintiff claims, the proximate cause of the plaintiff's injury or damage was solely and exclusively acts or omissions of the respondents while acting as the agents of the appellant, then respondents were liable and should indemnify appellant. Thus, in his cross-claim, the appellant sought relief *only* if it were found that his liability to plaintiff was based on *respondeat superior*, i. e., that he was liable to plaintiff on account of the negligence of his agents, the respondents."

As a general rule, indemnity is allowed in favor of one who is held responsible *solely* by imputation of law because of his relation to the actual wrongdoer, as where an employer is vicariously liable for the tort of an employee or in favor of one who was under only a secondary duty where another was primarily responsible, but as between joint tortfeasors or persons in pari delicto, contribution rather than indemnity is the right available. McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co., Mo., 323 S.W.2d 788, 793 [6]. With a somewhat different emphasis, it has been stated that "a person who without any fault on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another" has a right of action against the active tortfeasor on the theory of an implied contract of indemnity. 42 C.J.S. Indemnity § 21, p. 596. To the same effect, see Busch & Latta Painting Co. v. Woermann Const. Co., 310 Mo. 419, 276 S.W. 614, 619 [8]; Central Surety & Insurance Corp. v. Hinton, 233 Mo.App. 1218, 130 S.W.2d 235, 238 [4]; Hunter v. De Luxe Drive-In Theaters, Mo.

**560**

App., 257 S.W.2d 255, 259 [7]; Barb v. Farmers Ins. Exchange, Mo., 281 S.W.2d 297, 304 [11]; Joshmer v. Fred Weber Contractors, Mo.App., 294 S.W.2d 576, 588 [22]; State ex rel. Siegel v. McLaughlin, Mo.App., 315 S.W.2d 499, 507 [4–6]; Kansas City Southern Ry. Co. v. Payway Feed Mills, Inc., Mo., 338 S.W.2d 1, 5 [1, 2]. In Restatement of the Law Second, Agency 2d, § 401, pp. 239–240, the rule is stated in this way: "Unless he has been authorized to act in the manner in which he acts, the agent who subjects his principal to liability because of a negligent or other wrongful act is subject to liability to the principal for the loss which results therefrom." See also State ex rel. Algiere v. Russell, 359 Mo. 800, 223 S.W.2d 481, 483 [3].

▮ The corollary of these statements of the rule is that the right of indemnity does not exist if the alleged indemnitee authorized the act which proved to be negligent or wrongful and is directly at fault so that his liability does not arise solely by imputation of law because of his relation to the actual wrongdoer.

▮ The requirements for pleading a cross-claim are the same as other claims for relief and are set out in Civil Rule 55.06 as follows: "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. If a recovery of money be demanded, the amount shall be stated. Relief in the alternative or of several different types may be demanded."

▮ In determining the sufficiency of a cross-claim filed by a defendant in a tort action, the court must assume that the facts stated in the plaintiff's petition and the defendant's cross-claim are true. State ex rel. Algiere v. Russell, 359 Mo. 800, 223 S.W.2d 481, 483 [2]; State ex rel. Siegel

v. McLaughlin, Mo.App., 315 S.W.2d 499, 502 [1]; Johnson v. California Spray-Chemical Company, Mo., 362 S.W.2d 630, 633 [1].

The cross-claim incorporates the plaintiff's petition by reference and asserts that Dr. Bradley was "an intern employed by St. Luke's Hospital" and defendants Beeman and Palmer were "registered nurses employed by St. Luke's Hospital"; that on March 3, 1961, while Mrs. Campbell was a patient at St. Luke's Hospital, the defendant Preston "prescribed that certain drugs, to-wit, Brevital, together with Sodium Amytal, be administered to said Edith S. Campbell"; that the defendants Bradley, Beeman and Palmer "ordered, mixed, prepared, handled, administered or caused to be administered said drugs to plaintiff's wife, Edith S. Campbell"; and that "if there is found any negligence resulting in damage to plaintiff, * * * then such damage was caused solely and exclusively by the negligence of the defendants, William Bradley, Marie Palmer and Rebecca Beeman * * *, jointly and severally, or their agents, servants and employees, in ordering, mixing, preparing, handling and administering said drugs and in supervising, assisting and observing the ordering, mixing, preparing, handling and administration of said drugs in the particulars alleged above in subparagraphs a to p, both inclusive." The omitted paragraphs a to p in the foregoing quotation are admittedly rescripts of "negligence alleged by the plaintiff" in his petition.

The only reference in the cross-claim to the defendants Bradley, Beeman, and Palmer as agents or servants of the defendant Preston is paragraph 9 which reads as follows: "That Cross-defendants will be liable jointly and severally to this defendant for all of plaintiff's claim against this defendant in the event the jury should return a verdict against this defendant based upon the fact that the proximate cause of plaintiff's injury or damage was the act or omission of cross-defendants, or any one

or more of them, while acting as an agent, employee or servant of this defendant."

The plaintiff's petition alleged that the drug chosen by Dr. Preston was peculiar and unusual in its nature and required specialized skill and knowledge in its administration, and that Dr. Preston carelessly and negligently and contrary to the warning contained on the label of said drug failed to advise the use of a qualified anesthesiologist for the administration of the drug. The remaining specifications of negligence in Count 1 are directed against "Dr. Preston or his agent, servant or employees" or against "Dr. Preston, through his agent, servant or employees". The petition further states that Dr. Bradley was asked by the nurses Beeman and Palmer to provide and inject medications as directed by Dr. Preston, Jr.; that Dr. Bradley administered the drug and Mrs. Campbell became apneic and developed a cardiac standstill "due to the negligence of the ordering of the drug in the first instance by Dr. Albert Preston, Jr., and further combined with the negligence" of the defendant Bradley; that defendants Beeman and Palmer were servants, agents and employees of defendant Preston "employed by the St. Luke's Hospital"; that they had Mrs. Campbell under their direction and control for the benefit of Dr. Preston; that Dr. Preston wrote an order in the Doctors' Order Record for the drug with directions to administer it just before an ambulance arrived to transfer the patient to Neurological Hospital; that Dr. Preston told nurse Beeman to give one entire vial or ampule of Brevital as ordered whereupon Dr. Preston left the premises without further explanation and without advising nurse Beeman or nurse Palmer of the propensities of said drug or the nature thereof; that the defendants Beeman and Palmer were negligent in that they failed to ascertain the nature of the drug ordered by Dr. Preston; that they failed to read the literature containing the admonitions necessary for the safe handling and administration of the drug; and "That as a direct result and in combination with the negligence of Dr. Bradley and Dr. Preston, and acting as Dr. Preston's agent, servant and employee, the negligence of nurses Palmer and Beeman caused the death of said Edith Campbell." The pleadings, especially the amended petition, are extensive and quite detailed but the above summary sufficiently indicates their content.

The area in which a party charged with liability in a negligence action can obtain indemnity from another party embraces a group of special situations and relationships and is closely circumscribed to exclude parties in pari delicto. State ex rel. Siegel v. McLaughlin, Mo.App., 315 S.W.2d 499, 502 [2]; Johnson v. California Spray-Chemical Co., Mo., 362 S.W.2d 630, 633 [2].

"But * * * there is the situation, quite frequently encountered now that joinder in the alternative is permissible, where one defendant wishes to assert that he is blameless and that his co-defendant is solely liable. In this circumstance a cross-claim will not be permissible, since it asks for no relief from the party against whom it is asserted. Facts which show that the would-be cross-claimant is blameless will be a complete defense as to him, but they raise no issue between him and the other defendant." Federal Practice and Procedure, Rules Edition, Barron and Holtzoff, Vol. 1A, § 397, pp. 600–601. In some respects, the pleadings indicate that the cross-claimant Preston is contending that the legal injury resulted "solely and exclusively" from negligence for which he could not be held legally liable in any event, but the decision need not rest on that ground.

The basis for liability of a person, other than the actual master, for the act of a servant, is usually his personal participation in the servant's act in some manner. McFarland v. Dixie Machinery & Equipment Co., 348 Mo. 341, 153 S.W.2d 67, 70 [2], 136 A.L.R. 516. Where a person actively participates as by expressly

ordering or directing the act which proves to be negligent or wrongful, such person is liable to a third person damaged thereby even though the relation of employer and employee does not exist between the one who directs the act and the one who performs it. Restatement of the Law Second, Agency 2d, § 212, Comment a; Restatement of the Law of Torts, § 876; 57 C.J.S. Master and Servant § 557, p. 268.

 A prescription in a medical sense is a written direction for the preparation, compounding, and administration of a medicine. Webster's New Third International Dictionary. When a patient is injured or dies as a result of the negligence of his physician in writing an erroneous prescription, the physician is subject to liability. 70 C.J.S. Physicians and Surgeons § 48 *l*, p. 971. The prescription which Dr. Preston entered on the order record called for the mixing of certain drugs and their injection into the body of Mrs. Campbell. The "drug that was chosen by Dr. Preston" was alleged to be peculiar and unusual in its nature and to require specialized skill and knowledge in its administration. Mrs. Campbell's death is alleged to be due to the negligence of Dr. Preston in the first instance in ordering the drug and giving incomplete directions as to how it should be administered, and that the negligence of Dr. Preston combined with the negligence of the intern and nurses caused the death of Mrs. Campbell.

The pleadings disclose that Dr. Preston personally directed and participated in the act which is alleged to be negligent. Thus he is alleged to be in pari delicto and his liability does not depend upon the doctrine of respondeat superior. He is charged with active and concurrent negligence and cannot be said to be charged with liability *solely* by imputation of law. Therefore, the remedy of indemnity is not available under these pleadings. Union Electric Co. v. Magary, Mo., 373 S.W.2d 16, 22 [3]; Johnson v. California Spray-Chemical Co., Mo., 362 S.W.2d 630, 634 [5]; Crouch v.

Tourtelot, Mo., 350 S.W.2d 799, 806–807 [11]; State ex rel. Siegel v. McLaughlin, Mo.App., 315 S.W.2d 499, 508 [8]; State ex rel. and to Use of Merino v. Rose, 362 Mo. 181, 240 S.W.2d 705, 708 [3].

We have considered all questions presented, but since the reasons stated demonstrate that the cross-claim does not state facts showing that the pleader is entitled to relief it is unnecessary to decide or discuss other issues.

The judgment is affirmed.

EAGER, J., and HUNTER, Special Judge, concur.

LEEDY, J., not sitting.