Donald LAYMAN and Diane
Layman, Plaintiffs,

v.

UNIROYAL, INC., Appellant, Third Par-
ty Plaintiff, and Cross-Claimant,

and

Shore Tire Company, Defendant,

and

Fowler Truck & Tractor Co.,
Respondent, Defendant, and
Cross-Claim Defendant,

and

International Harvester Company,
Respondent, and Third Party
Defendant.

Nos. KCD 27551, 27577 and 28170.

Missouri Court of Appeals,
Kansas City District.

Aug. 29, 1977.

Motion for Rehearing and/or Transfer
Denied Oct. 12, 1977.

Application to Transfer Denied
Nov. 14, 1977.

Thomas J. Wheatley, William C. Hopkins II, Gary S. Dyer, Kansas City, for appellant Uniroyal, Inc.

Robert G. Oberlander, Royce J. Estes, Kansas City, for respondent Fowler Truck & Tractor Co.

Truman K. Eldridge, Jr., Christopher J. Anderson, Kansas City, for respondent International Harvester Co.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

This is an appeal from an order of the court below dismissing the third party petition of the defendant Uniroyal, Inc. (Uniroyal) filed against International Harvester Company (International) and the cross-claim of Uniroyal filed against defendant Fowler Truck & Tractor Co. (Fowler) for failure to state claims upon which relief could be granted. After two appeals were lodged in this court purporting to appeal from such order of dismissal, the order was amended in the court below to designate it to be a final judgment, Section 512.020 RSMo 1969, and a third appeal from that amended order was taken by Uniroyal. These appeals are here consolidated. The underlying action from which these proceedings stem remains pending in the court below. In order to place the various parties in their proper roles and positions, a somewhat detailed statement of the facts, as revealed by the various pleadings, is necessary.

The plaintiff, Donald Layman, an employee of International, while in the process of mounting a Gillette agricultural tractor tire was injured when the tire exploded. This tire was manufactured by Uniroyal and placed into the channels of commerce and distributed by Shore Tire Company (Shore). It was sold to International, plaintiff's employer, by Fowler, as local retailer.

The plaintiffs in the underlying case, Donald Layman and his wife Diane, brought suit against Uniroyal, the manufacturer, Shore, the distributor, and Fowler, the seller, alleging in Count I that the tire in question was manufactured by Uniroyal and placed in trade channels in a defective

and unreasonably dangerous condition when being mounted and inflated in a manner which could and was reasonably intended and anticipated; that it was in substantially the same condition when he was injured as when it was manufactured, distributed and sold by the defendants; that as a result of this dangerous condition the tire exploded while he was mounting and inflating it in the manner intended and that as a direct result he received multiple permanent injuries, as detailed in his petition; his ability to work and labor has been impaired resulting in past and future loss of income and he has and will incur medical expenses for care and treatment. This count of his petition is based upon the doctrine of strict liability. Restatement, Torts (Second), Section 402A.

In the alternative, the plaintiff bottoms Count II upon the doctrine of implied warranty, and Count III upon negligence (discussed below). In Count IV, he asks for punitive damages. Coupled with these counts is a cause of action by Diane Layman, his wife, for loss of services.

Fowler, the seller, filed its answer to plaintiffs' petition in the nature of a general denial.

Uniroyal and Shore filed a joint and separate answer in which they admitted that Uniroyal manufactured the tire in question and that Shore distributed it, generally denied the other allegations of Count I that the tire was defective, and affirmatively pleaded that plaintiff Donald Layman's injuries were caused by his abnormal handling and use of the tire in a manner not intended. In answer to Count II (warranty) they affirmatively stated that the Gillette tire was merchantable and that the plaintiff's injuries resulted in his abnormal handling. In answer to Count III (negligence) they admit the manufacture and control of design and inspection of the tire prior to its delivery to Fowler, the direct seller, but deny the allegations of negligence and charge plaintiff Donald Layman generally with contributory negligence.

Thereafter, Uniroyal filed its third party petition against International in which it admitted that it manufactured the Gillette tire in question; that it was "sold and distributed" to Shore; that it was "sold and distributed" by Shore to Fowler; and that Fowler resold the tire to International, plaintiff Donald Layman's employer.

Uniroyal further alleged that it "customarily" and prior to the sale of tractor tires supplied and distributed "brochures and pamphlets" containing instructions and information as to proper and safe procedures and methods to follow in mounting and inflating the tires; that these instructions were supplied to Shore, the distributor, and, upon information and belief, were in turn supplied to Fowler, the seller. While the pleading does not contain any allegation that these brochures or pamphlets were supplied to International or to plaintiff Donald Layman, Uniroyal alleges that the plaintiff, Donald Layman, "failed and neglected to follow the procedures and methods detailed in the instructions earlier supplied and distributed by Uniroyal to Shore and, on information and belief by Shore to Fowler, and as the proximate result of said neglect and failure, (to follow the instructions) the bead on one of said tires was caused to be broken causing a portion of said tire forcefully to come over the rim of the wheel thereby causing injury to Plaintiff Don Layman."

Uniroyal further alleged that International and its agents and employees had experience and knowledge as to the proper method and manner to safely mount this tire but that the plaintiff had not received from International instructions with reference thereto nor any caution or warning as to the potential danger involved. It further pleaded that, if it was found that plaintiff Donald Layman's injuries were caused by the failure to instruct or caution and warn plaintiff as to safe methods for mounting and inflating the tire and the potential dangers incident thereto and a judgment is rendered against Uniroyal "on said basis", then International is obligated to indemnify and hold Uniroyal harmless because of International's failure to furnish the plaintiff a safe place to work and to properly in-

struct and warn him and that such negligence was the "active and primary cause" of the injury and loss and that Uniroyal's negligence, if any, was "only secondary or inactive" in failing to discover the negligence of International and warn plaintiff. Further, Uniroyal alleges a breach of an implied warranty flowing from International to Uniroyal that it would conduct its business in a safe manner and furnish its employees a safe place to work and to give them proper instructions as to safe methods to use in the handling of tires and warn them of the dangers incident thereto. Further, Uniroyal alleges that International owed it an "independent duty" to do these things.

Uniroyal also filed a separate amended answer and cross-claim against Fowler. The cross-claim, in summary, charges Fowler with negligent failure to properly instruct International or the plaintiff Donald Layman as to the proper and safe method to be employed in the mounting and inflation of the Gillette tire, although Fowler had independent knowledge of this and, upon information and belief, had been given this information as to the tire in question by Shore, the distributor. Upon this basis Uniroyal claims indemnity from Fowler for any liability to the plaintiff Donald Layman imposed upon it.

In answer to this cross-claim, Fowler denies that Shore ever supplied it with any brochures or pamphlets relating to the mounting and inflation of Gillette tires or oral instructions with reference thereto, and denies that it was under any legal duty to Uniroyal to supply the plaintiff Donald Layman, or his employer, International, with any such material or to orally instruct them as to the mounting or inflation of the tire.

It is conceded that the issues raised in Uniroyal's third party petition and cross-claim are "addressed specifically to the allegations contained in Count III of plaintiffs' petition", the negligence count. The specific allegations of negligence contained in Count III of plaintiffs' petition, in summary, are that Uniroyal (a) negligently de-

signed, manufactured and inspected the Gillette tire; (b) negligently failed to warn plaintiff Donald Layman of the danger of explosion of the tire; (c) negligently failed to provide plaintiff Donald Layman with adequate, safe and necessary mounting and inflation instructions; (d) negligently failed to warn plaintiff Donald Layman that the tire was dangerous and defective when used in the manner and for the purpose anticipated and intended; and (e) negligently failed to warn plaintiff Donald Layman that the tire was defective and dangerous to plaintiff while being inflated and mounted.

Pursuant to motions by International and Fowler, the court below dismissed Uniroyal's third party petition against International and its cross-claim against Fowler, upon the basis that each failed to state a claim upon which relief could be granted. It is from this order, as amended to designate it a final judgment for the purposes of appeal under Section 512.020 RSMo 1969, that this appeal is taken.

It should be here noted that the above-summarized allegations of negligence in plaintiffs' petition are also charged against defendants Shore and Fowler. In its cross-claim against Fowler, as above noted, Uniroyal charges that Fowler failed to advise International or its employee, Donald Layman, as to the proper manner or method to safely mount and inflate the Gillette tire nor warn them as to any potential danger incident thereto and thereby breached an independent duty owed by Fowler to International to do so. This, Uniroyal pleads, gives rise to its right to indemnity from Fowler.

■ In reviewing the action of the trial court in dismissing these pleadings for failure to state a cause of action for indemnity, the factual allegations of the plaintiffs' petition and of the third party petition and cross-claim of Uniroyal against International and Fowler must be taken as true, and conclusionary allegations ignored. *Campbell v. Preston*, 379 S.W.2d 557, 560[5] (Mo.1964); *Johnson v. California Spray-Chemical Company*, 362 S.W.2d 630, 634[3] (Mo.1962). For present purposes the allega-

tions of negligence in plaintiffs' petition must be accepted as true. *Western Cas. and Surety Co. v. Shell Oil Co.*, 413 S.W.2d 550, 555[1] (Mo.App.1967). In this connection, it is important to note that Uniroyal's third party petition and cross-claim completely ignore the charge in plaintiffs' petition, leveled against Uniroyal, Shore and Fowler that:

"(a) They negligently designed, manufactured and inspected the Gillette Tire;"

Coupled with this allegation are several based upon the defendants' failure to warn, as above noted. Uniroyal claims that these charge it only with passive as opposed to active negligence and therefore it is, at most, only secondarily liable and is entitled to indemnity from International and Fowler, whose active negligence caused plaintiff Donald Layman's injury. Sometimes the case law has treated the tandem of active-passive negligence as primary-secondary, but all convincing authorities in this state have reached the sound conclusion that generally a person guilty of (or charged with) primary tort negligence cannot seek indemnity from one only secondarily responsible. Neither under binding Missouri decisions (in accord with decisions from other jurisdictions) do concurrent or joint active tort-feasors, having no legal relation to one another, enjoy the right to claim indemnity from the other, *Crouch v. Tourtelot*, 350 S.W.2d 799, 807[11] (Mo.banc 1961); *Kansas City Southern Ry. Co. v. Payway Feed Mills, Inc.*, 338 S.W.2d 1 (Mo.1960); *State v. McLaughlin*, 315 S.W.2d 499 (Mo.App.1958).

■ Certainly here the charge against Uniroyal of negligent design, manufacture and inspection of the tire, the instrument of injury, and placing it in the channels of commerce so that it exploded and injured the ultimate consumer's employee, was a charge of active primary negligence affording no ground upon which Uniroyal could, by the wildest stretch of legal imagination, claim indemnity from the plaintiff Donald Layman's employer, International, on the basis that it is charged with only "passive" negligence.

While this charge of negligence is one of active negligence, it is coupled in plaintiffs' petition with numerous other charges bottomed upon failure to warn or instruct as to safe methods to be employed in the mounting and inflation of the tire, which might be characterized as negative, passive or secondary in nature, if "standing alone". *Anderson v. Cinnamon*, 365 Mo. 304, 282 S.W.2d 445, 450[8], 55 A.L.R.2d 516 (1955). However, when coupled with the charge of an affirmative negligent act "it presents facts from which a jury could find active or affirmative negligence", *Cupp v. Montgomery*, 408 S.W.2d 353, 357[3] (Mo.App.1966) and thus affords no right of indemnity in this case upon the pleadings. *Western Cas. and Surety Co. v. Shell Oil Co.*, supra.

In connection with the charge in the third party petition that International owed an independent duty to instruct its employee, Layman, as to the safe and proper method to be employed in the mounting and inflation of the tire, it should be again noted that no allegation is made that International or Layman ever were given the instructional brochures or pamphlets on this subject or otherwise instructed by the defendants. Further, for such an independent duty to give rise to a right of indemnity from an employer it must be pleaded (or shown) that it is bottomed upon an *express* contract or some legal relationship between the parties.

■ As pointed out above, there is no specific obligation leveled by Uniroyal that International knew of any defective and unsafe condition of the tire and failed to warn or instruct its employee Layman thereof or that Uniroyal had entrusted to International nor that International had assumed any duty of Uniroyal with reference to the design, manufacture or inspection of the tire or that International had negligently failed to perform such duty. Under such circumstances indemnity might be sought from an employer. See, *McDonnell Air. Corp. v. Hartman-Hanks-Walsh P. Co.*, 323 S.W.2d 788 (Mo.1959); Restatement of the Law of Restitution, Section 95 (1937). Under the circumstances and posture of this

case not only were the charges of negligence leveled against International passive in nature but the only obligation or duty owed by it with reference to the mounting and inflation of the tire could only be owed to its employee, Layman, and not to Uniroyal.

The court below properly dismissed Uniroyal's third party petition against International upon the ground that it (considered in the light of plaintiffs' petition) failed to state a cause of action for indemnity and the court below properly sustained the motion to dismiss.

■ As to Uniroyal's cross-claim against Fowler, the same principles above-noted are applicable. Both are charged with primary, positive, active negligence in the design, manufacture and inspection of the tire and thus were charged as joint tort-feasors and no right of indemnity existed between them. There is a further reason why the cross-claim was properly dismissed.

Uniroyal and Fowler, under the pleadings, were in *pari delicto* and indemnity may not be allowed and is barred as between those standing thus. *Crouch v. Tourtelot,* supra; *Union Electric Company v. Magary,* 373 S.W.2d 16, 22[3] (Mo.1963).

Not only are Uniroyal and Fowler charged jointly with the active negligence noted which is alleged to have resulted in plaintiffs' injury and damage, but the facts pleaded clearly indicate that they were jointly active in placing in the channels of commerce an allegedly unsafe, negligently designed, manufactured and inspected tractor tire which resulted in injury to the ultimate consumer's employee. Uniroyal, the manufacturer; Shore, the distributor; and, Fowler, the retailer, all were moving factors and cogs in the flow of merchandising, the flow of commerce, with regard to the tire resulting in the ultimate damage to the plaintiff Donald Layman. One could not have functioned toward the end result of their enterprise without the other. They stood in *pari delicto*, charged with equal fault.

The court below properly dismissed Uniroyal's cross-claim against Fowler.

Appellant's Point I A and B and Point II A, B and C, are ruled against it.

Uniroyal for its Point III asserts that the court below erred in dismissing the third party petition and the cross-claim "for the reason that all parties who may have acted culpably contributing to cause plaintiffs' alleged damages should be required to bear their proportionate and respective burdens." Simply stated, the appellant seeks the decision of this court which would rescind the long-standing and firmly rooted rule in this state relating to contribution between joint tortfeasors to permit contribution between joint tortfeasors in proportion to their relative fault.

■ Both the Legislature and the Supreme Court of Missouri have clearly and unequivocally spoken to this subject. Under both the statute, Section 537.060 RSMo 1969, and many cases hold that the right to contribution as between joint tortfeasors does not exist in Missouri except after the rendition of a final joint judgment against them. *State v. Dinwiddie,* 213 S.W.2d 127, 131[7, 8] (Mo.banc 1948); *Crouch v. Tourtelot,* 350 S.W.2d 799, 803[7] (Mo.banc 1961), supra, and cases collected in Missouri Digest, Contribution, ■

This court obviously lacks jurisdiction to annul legislation for the reasons urged or to overrule decisions of the Supreme Court which are binding and authoritative upon all lower tribunals.

Point III of Uniroyal is ruled against it.

The judgment is affirmed.

All concur.