**Dale ZIMPRICH, Plaintiff and Appellant,**

v.

**NORTH DAKOTA HARVESTORE SYSTEMS, INC., Defendant,**

**and**

**Agristor Credit Corporation, a Delaware corporation, Defendant and Appellee.**

**Civ. No. 870183.**

Supreme Court of North Dakota.

Feb. 25, 1988.

Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, for plaintiff and appellant; argued by Armond G. Erickson and LaDonne R. Vik.

Conmy, Feste, Bossart, Hubbard & Corwin, Ltd., Fargo, for defendant and appellee; argued by Wickham Corwin.

ERICKSTAD, Chief Justice.

The plaintiff, Dale Zimprich, appeals from a summary judgment dismissing his action against defendant, Agristor Credit Corporation (Agristor). We reverse and remand for a trial on the merits.

North Dakota Harvestore Systems, Inc. (Harvestore), is a corporation which sells, erects, and services Harvestore feed storage structures in this state. Agristor is a separate corporation which finances Harvestore systems. During August 1980, Zimprich, a dairy farmer at Aneta, purchased from Harvestore one of its feed storage systems consisting of a silo structure with a roller mill and unloader. For this purchase Zimprich and Harvestore executed a retail installment contract and security agreement. Harvestore's interest in the installment contract was subsequently assigned to Agristor.

Upon using the system, Zimprich became dissatisfied with it. He ultimately filed an

action for damages against Harvestore and the system's manufacturer, A.O. Smith Harvestore Products, Inc. (Smith), raising various counts of negligence and breach of warranty. On July 26, 1984, Harvestore's representatives, at Agristor's express request, repossessed the Harvestore system in the belief that Zimprich was in default on the installment contract. Zimprich subsequently amended his complaint, making Agristor a party defendant and raising a claim for trespass and conversion.

Smith, the manufacturer, was subsequently dismissed as a party defendant upon stipulation of all parties.

Prior to trial, Zimprich negotiated a settlement of his claims against Harvestore and gave Harvestore a release discharging it from all further claims involving these matters.

Thereafter Agristor asked the court to dismiss Zimprich's action against it. In support of its motion Agristor asserted that Zimprich's action against Agristor was based solely upon a claim of vicarious liability, under the doctrine of respondeat superior, and therefore, under *Horejsi v. Anderson,* 353 N.W.2d 316 (N.D.1984), the release of Harvestore by Zimprich resulted, as a matter of law, in a release of Agristor from all further claims.

In resistance to Agristor's motion to dismiss, Zimprich asserted that the *Horejsi* decision was not applicable, because Zimprich had alleged direct liability claims against Agristor, based upon Agristor's own actions independent of any theory of vicarious liability. Zimprich asserts that its claims against Agristor were not released, therefore, when Zimprich executed a release in favor of Harvestore.

The trial court, agreeing with Agristor, entered a judgment dismissing with prejudice Zimprich's action against Agristor. On appeal from the judgment of dismissal Zimprich raises one issue:

Whether the trial court erred in dismissing Zimprich's action against Agristor on the ground that Zimprich's release of defendant Harvestore constituted, as a matter of law, a release of defendant Agristor?

■ We held in *Horejsi* that the release of a servant from liability for his wrongful conduct thereby releases the master from vicarious liability under the doctrine of respondeat superior. We agree with Zimprich, however, that under *Horejsi* a master is not released from claims of direct liability against the master even though the servant has been released from liability in the case.

■ In *Horejsi* the parents of a child who was allegedly injured by the actions of a babysitter were subject to vicarious liability on the ground that the babysitter was acting as their servant or employee. We held in *Horejsi* that the parents were released from any claim based upon vicarious liability when the plaintiff released the babysitter from all claims arising out of the incident. In a footnote to the opinion we noted, however, that the plaintiff's claims against the parents which were based upon the parents' direct negligence in hiring and retaining the babysitter remained to be tried on their merits. *Horejsi, supra,* 353 N.W.2d at 317 n. 1. So too in this case, Zimprich's release of Harvestore from liability does not release Agristor from any claim Zimprich might have against it which is based upon Agristor's own wrongful conduct independent of any theory of vicarious liability.

In his amended complaint Zimprich asserts in relevant part:

"[T]he Defendants ... illegally trespassed upon the Plaintiff's land, wrongfully converted Plaintiff's equipment, wrongfully removed it from Plaintiff's land, and have wrongfully withheld, secreted and otherwise converted and disposed the equipment for their own use. Said action was taken in complete disregard to the rights of the Plaintiff causing him detriment and damages in an amount not specifically determined at this time."

The Restatement (Second) of Torts § 877 and Comment a (1979) provide in relevant part:

"§ 877. Directing or Permitting Conduct of Another

"For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he

"(a) orders or induces the conduct, if he knows or should know of circumstances that would make the conduct tortious if it were his own ...

"*Comment on Clause (a):*

"a. One who orders an act to be done is liable for its consequences as he would be for his own personal conduct if he has or should have knowledge of the conditions under which it is to be done. Likewise, one who accomplishes a particular consequence is as responsible for it when accomplished through directions to another as when accomplished by himself.

\*    \*    \*    \*    \*    \*

"In many of the situations that would come within the rule stated in this Clause, the person giving the order or inducement would be liable on the ground that he was principal or master; the rule, however, is independent of the existence of liability upon this ground."

*See also* The Restatement (Second) of Agency § 212 (1958); *NIKA Corp. v. City of Kansas City, Mo.,* 582 F.Supp. 343, 354–355 (W.D.Mo.1983); *Campbell v. Preston,* 379 S.W.2d 557, 561–562 (Mo.1964).

■ Agristor is as liable for directing another to commit wrongful activity as it would be had it acted alone. For directing another to commit wrongful conduct Agristor can be held directly liable apart from any theory of vicarious liability which may apply. Furthermore, Zimprich has alleged that the Harvestore system was wrongfully retained, secreted, and disposed of by Agristor following the initial trespass and conversion. Assuming the truth of those allegations, Agristor is, likewise, subject to direct liability for that conduct. We conclude that Zimprich's release of Harvestore did not result in a release of Agristor from the foregoing direct liability claims.

Agristor admits in its amended answer that it directed the removal of the Harvestore equipment but claims that it rightfully did so on the ground that Zimprich was in default on the installment contract. Whether or not Zimprich was in default and whether or not Agristor had the right to take possession of this property as a secured creditor under Chapter 41–09, N.D. C.C., are questions not at issue on this appeal. Repossessing property under Section 41–09–49, N.D.C.C., if attempted under inappropriate circumstances, may subject the secured party to liability for wrongful conversion and detention of the property. *See John Deere Co. v. Nygard Equipment, Inc.,* 225 N.W.2d 80 (N.D.1974). These are evidentiary matters involving factual issues which are not before us in this case.[1]

We hold that the trial court erred in applying *Horejsi* to dismiss Zimprich's direct liability claims against Agristor. Accordingly, we reverse the dismissal and remand for a trial on the merits of those claims.

REVERSED AND REMANDED.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

1. The parties filed a "Stipulation On Appeal" stating that the filing of a transcript of the proceedings in the trial court was not necessary because the matter was disposed of on the motion for summary judgment and no evidence was taken in the trial court proceedings.